Richard DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**June 24, 2025 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re: 68 Burns New Holdings, Inc.

Chapter 11
Case No. 24-45157-NHL

Debtor.
-------------------------------------------------------------x

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY, DISMISSSAL OR CONVERSION PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b)

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of RICHARD DuVALL, ESQ., dated May 5 ,2025, the exhibits attached hereto and referenced herein and the accompanying Memorandum of Law, Eric Goldfine as Trustee of the Eric Goldfine Self Employment Retirement Plan and Trust will move this court on the 24th day of June, 2025 at 9:30 o'clock in the forenoon of that, or as soon thereafter as counsel may be heard, for an Order, pursuant to 11 U.S.C. § 362(d)(2) and (d)(3) of the Bankruptcy Code, lifting the automatic stay to permit movant to continue to conclusion of its mortgage foreclosure action pending in the Supreme Court of the State of New York, Dutchess County and/or pursuant to 11 U.S.C. § 1112(b) dismissing this case for cause;

PLEASE TAKE FURTHER NOTICE, that the hearing will be held remotely via Zoom before the Hon. Nancy Hershey Lord in her Courtroom at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

PLEASE TAKE FURTHER NOTICE that all participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances. eCourt Appearances registration is required by both attorneys and non-attorney participants and can be accessed through the Bankruptcy Court website at https://ecf.nyeb.uscourts.gov/cgibin/nyebAppearances.pl

PLEASE TAKE FURTHER NOTICE that those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1, opposing affidavits and answering memoranda, if any, shall be served on the undersigned so as to ensure actual receipt no later than seven (7) days before the return date.

Dated: May 5, 2025
      Poughkeepsie, New York

**Eric Goldfine Self-Employed Retirement Plan and Trust**
**By its Attorneys Mackey Butts & Whalen**

By: _____
    Richard DuVall, Esq.
    319 Mill Street
    Poughkeepsie, NY 12601
    P: 845-452-4000
    F: 845-454-4966
    rduvall@mbwlawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
        Julio E. Portilla
        *Counsel for Debtor*
        380 Lexington Ave.
        Suite 446
        New York, NY 10168
        (212) 365-0292
        F: (212) 365-4417
        E: jp@julioportillalaw.com

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

U.S. Trustee
Office of the United States Trustee
Easter District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580

AllSpace Self Storage
189 Manchester Road
Poughkeepsie, NY 12603


Foster Garvey PC
100 Wall St.
New York, NY 10005

Gideon Raviv
70-25 Yellowstone Blvd.
Forest Hills, NY 11375


NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

Rosenberg Fortuna & Laitman, LLP
666 Old Country Rd
#810
Garden City, NY11530

Town of Hyde Park
4383 Albany Post Road
Hyde Park, NY 12538

Richard DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
June 24, 2025 at 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Chapter 11
Case No. 24-45157-NHL

In re: 68 Burns New Holdings, Inc.

                            Debtor.

-----------------------------------------------------------x

### AFFIRMATION OF RICHARD DuVALL IN SUPPORT MOTION FOR RELIEF FROM AUTOMATIC STAY, DISMISSSAL OR CONVERSION 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b)

RICHARD DuVALL, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am a member of the law firm of Mackey Butts & Whalen, LLP, attorneys for movant, Eric Goldfine Self-Employed Retirement Plan And Trust ("Movant"), and I make this affirmation of my own knowledge.

2. I make this affirmation based upon the documents attached hereto, and referenced herein and previously filed in this case.

3. Movant is a secured creditor holding a note and mortgage secured by approximately 140 acres of land, undeveloped, in the Town of Hyde Park, Dutchess County. Movant has

prosecuted its mortgage foreclosure action in state court through the point of judgment of foreclosure and sale. A copy of the judgment of foreclosure and sale is attached to movant's proof of claim, filed herein as claim number 2.

4. This case was initially filed "pro se" by the corporate Debtor, by its principal Gideon Raviv on December 10, 2024, two days before Movant's scheduled foreclosure sale.

5. Thereafter counsel appeared on behalf of the Debtor pursuant to the Court's direction, at docket number 4. The first § 341 meeting, scheduled for January 17, 2025, was not held because Mr. Raviv showed up unrepresented by an attorney.

6. Thereafter, Julio Portilla Esq. appeared on behalf of the corporate Debtor. See docket number 11.

7. At the next scheduled 341 meeting, scheduled for February 7, 2025, the 341 meeting was not conducted because the Debtor had not yet filed signed schedules. The meeting was then adjourned to March 17, 2025.

8. At the 341 meeting scheduled for March 17, 2025, the Debtor, by Mr. Raviv, declared for the first time that he needed an interpreter. The U.S. Trustee attempted to secure, for that meeting, an interpreter despite having received no prior notice, but was unable to do so. The 341 meeting was then adjourned to March 28, 2025.

9. Unfortunately, at the 341 meeting attempted on March 28, 2025, despite the US Trustee's efforts, the interpreter service failed to provide an interpreter to interpret English to Hebrew and vice versa.

10. Finally, on April 28, 2025 at 9:00 AM the 341 meeting started, assisted by an interpreter. Within minutes, however it became obvious that the interpreter was unnecessary, as Mr. Raviv frequently answered the Trustee's questions in English. The interpreter then, by

agreement with Mr. Raviv, stood by, available to assist Mr. Raviv if needed, but she was not needed. The meeting proceeded in English only.

11. This case was initially filed as a single asset case. See initial petition filing at docket number 1.

12. Mr. Portilla, on or about February 25, 2025, filed amended schedules suggesting for the first time that in addition to the real estate which secures Movant's mortgage, the corporate Debtor owns an unspecified interest with no known value in certain cooperative apartment(s) in Queens. See amended schedules at document number 16. Upon information and belief, the sole purpose for listing shares representing an interest in possible cooperative apartments was to avoid the strictures of 11 U.S.C. § 362 (d)(3), which would require granting of this motion to lift the automatic stay if the single asset Debtor had failed to file a plan with a reasonable chance of success within 90 days from the filing of the petition.

13. Mr. Raviv testified that he believes the debtor may own the apartment in which the superintendent of the Co-Op resides. He further testified as follows: The debtor pays no common charges or rent. The Debtor receives no rent. The Debtor has had no income this year. The Debtor had no income in 2024. The Debtor has no employees. The Debtor has not filed a tax return for 2024. The Debtor has not paid its 2024/25 school taxes nor its 2025 real estate taxes, due in early 2025, totalling at least $23,012.04. The Debtor has made no payments to Movant.

14. The Debtor did at one time own several cooperative apartments in the building identified in the amended schedules. The loan which is the subject of Movant's foreclosure action was originally made in 2005, and was originally made by 334 Corp, a New York corporation, and its co-lender Stanley Gallant. Your affirmant represented 334 Corp. and Mr. Gallant when they instituted the instant foreclosure action in 2020. Your Affirmant also represented 334 Corp and Mr. Gallant in three prior foreclosure actions against 68 Burns New Holdings, Inc. 334 Corp. and

Stanley Gallant assigned the loan to Movant in August 2021. Movant was substituted as Plaintiff in the State court foreclosure.

15. The judgment of foreclosure in sale attached to the proof of claim resulted from the Debtor's default under a forbearance agreement originally made in 2017. As part of the Debtor's attempt to perform its obligations under the forbearance agreement (Exhibit "1", attached hereto) the Debtor sold or refinanced the remaining cooperative units in Forest Hills. (See Forbearance Agreement at par. 5 (g))  At or about that time, it was announced that Mr. Raviv's sons, or an entity formed by or on behalf of them had purchased the cooperative units from him. See announcement attached hereto as Exhibit "2".

16. Clearly Mr. Raviv or the Debtor owned certain cooperative apartments at one time. They were pledged as collateral. They were sold.

17. It defies imagination to suggest that the Debtor is unaware of its ownership interest in one or more cooperative apartments, and it also defies imagination to suggest that the Debtor does not know what those apartments are worth. Mr. Raviv testified at his 341 meeting that apartments in the building are on the market for around $600,000. There is no evidence that the Debtor owns any apartment in Queens. If it did it would have revealed same on the schedules and it would have a sense of their value. The Debtor would be paying common charges, collecting rent, and would be aware of the ostensible asset's other economic attributes.

18. The Debtor has paid no real estate taxes on the property in Dutchess County. The State, County and Town taxes are due in the amount of $23,012.04. See tax bills attached hereto as Exhibit "3".

19. The judgment foreclosure and sale followed a vigorously contested foreclosure action. The referee's computation process took almost 10 months. Counsel fees were awarded in favor of Movant the amount of $70,000.00 as a result of Debtor's intransigence and unreasonable

efforts to forestall the foreclosure. See Referee's Report on Computation and Order of the Court confirming the Referee's Report on Computation attached hereto as Exhibits "4" and "5".

20. As is set forth in the Report on Computation, the Debtor has not paid real estate taxes since 2019.

21. As is set forth more fully in the accompanying Memorandum of Law, this is a single Asset, two party case, and this case was filed and is being "prosecuted" in bad faith within the meaning of well-established precedent.

22. The Debtor's conduct thus far in this case is evidence of the further bad faith represented by this filing and the Debtor's disrespect for its obligations under the Bankruptcy Code.

23. The Debtor's principal's assertion that he was in need of an interpreter is belied by the facts. Mr. Raviv has repeatedly submitted Pro Se papers to Dutchess County Supreme Court which he clearly prepared. See Exhibits "6", "7", and "8", being his pro se filings.

24. Your affirmant deposed Mr. Raviv in the Dutchess County foreclosure action, and he testified clearly and without need of an interpreter. See transcript attached hereto as Exhibit "9". While the content of any discussions between Mr. Raviv and Mr. Portilla would be protected by the attorney-client privilege, it would be unusual if Mr. Portilla were not aware that Mr. Raviv needed an interpreter, if that had been true. The transcript of Mr. Raviv's deposition speaks for itself, however. His testimony at the 341 meeting on April 28, unaided by an interpreter, was accented, but was clear and easily understood. He never asked the interpreter to assist.

25. No plan has been filed and the time to do so has expired. No payments, required by 11 USC 362 (d) (3) (B) have been made. It is evident that there is no bankruptcy purpose in this case, as the debtor has no income, no prospects for reorganization and there is no reason to delay the liquidation of the collateral. Debtor filed an appraisal in state court attesting to a value of $3.6

million, and asserts that the property is worth multiples of Movant's $833,000 claim. Movant doubts that value, but the Debtor can sell the property and pay its debts and pay its principal a dividend if that is true. The Debtor has retained no broker in this case, and proposes no transaction or other means to effectuate a Plan. The automatic stay should be lifted, or the case converted or dismissed.

WHEREFORE, for all the above reasons and for the reasons set forth in the accompanying Memorandum of Law, Movant requests that the automatic stay be lifted and/or that this case be converted or dismissed

Dated: May 5, 2025
Poughkeepsie, New York

Respectfully submitted,

**Eric Goldfine Self-Employed Retirement Plan and Trust**
**By its Attorneys Mackey Butts & Whalen**

By: _____
Richard DuVall, Esq.
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com

TO: Law Office of Julio E. Portilla, P.C.
Julio E. Portilla
*Counsel for Debtor*
380 Lexington Ave.
Suite 446
New York, NY 10168
(212) 365-0292
F: (212) 365-4417
E: jp@julioportillalaw.com

4918-4711-1730, v. 7

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

U.S. Trustee
Office of the United States Trustee
Easter District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580

AllSpace Self Storage
189 Manchester Road
Poughkeepsie, NY 12603


Foster Garvey PC
100 Wall St.
New York, NY 10005

Gideon Raviv
70-25 Yellowstone Blvd.
Forest Hills, NY 11375


NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

Rosenberg Fortuna & Laitman, LLP
666 Old Country Rd
#810
Garden City, NY11530

Town of Hyde Park
4383 Albany Post Road
Hyde Park, NY 12538