Richard DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**June 24, 2025 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: 68 Burns New Holdings, Inc.

Chapter 11
Case No. 24-45157-NHL

Debtor.
-----------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY, CONVERSION OR DISMISSAL PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b)

## INTRODUCTION

This Memorandum of Law is submitted in support of the motion by movant, Eric Goldfine, as Trustee of the Eric Goldfine Self-Employed Retirement Plan and Trust ("Movant" or "SERPT") pursuant to 11 U.S.C. §362(d) (2) and (3) for an order lifting the automatic stay to permit Movant to continue to conclusion its mortgage foreclosure action pending in the Supreme Court of the State of New York, Dutchess County, and/or pursuant to 11 U.S.C. § 1112(b) dismissing or converting this case.

## ARGUMENT

As set forth more fully herein, this is a single asset case wherein the Debtor has failed to file its statutorily-required plan of reorganization within the strictly enforced 90-day time period. For that reason alone, Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)

(3). Furthermore, Debtor's filing is a textbook example of a bad-faith filing and as such, should be dismissed pursuant to 11 U.S.C. §1112(b), or the stay lifted for "cause" under Sec 362 (d)(2). The facts are set forth in the pleadings and the accompanying Affirmation of Richard DuVall (the "Duvall Aff.") and exhibits and other Docket entries, and will not be reiterated here, except where necessary to apply the pertinent facts to the controlling law.

**I.     The Debtor Failed to File Its Bankruptcy Plan Within the Statutorily-Required 90 Days**

"Congress enacted 11 U.S.C. § 362(d)(3) in 1994 to fast-track single asset real estate cases. Section 362(d)(3) compels debtors to act swiftly by obligating them to fulfill one of two mandates ***by not later than the date that is 90 days after the petition date***." *RYYZ, LLC*, 490 B.R. 29, 33–34 (Bankr. E.D.N.Y. 2013) (internal quotations omitted, emphasis added). And 11 U.S.C. § 362 (d)(3) means what it says: The debtor has 90 days in a single asset case to file a plan. The 90-day time period in this case expired on or about March 10, 2025 and the Debtor has entirely failed to file a bankruptcy plan. The Debtor has made no payments to Movant. In fact, as of March 10, the Debtor had not even testified at a 341 Meeting.   (Duvall Aff. ¶ 5-10.)  In re *RYYZ, LLC*, 490 B.R. 29, U.S. Bankruptcy Court, E.D.N.Y (2013) is instructive here:

> [Section 11 U.S.C. §] (d)(3) is designed specifically for single asset real estate cases. These cases typically amount to little more than a contest between the debtor and secured lender over real property that is, or can be, the subject of a foreclosure action. As explained by one court, by enacting Section 362(d)(3) "***Congress expressly attempted to avoid the usual delays experienced in Chapter 11 in single asset real estate cases, which historically have been filed to avoid a foreclosure and in the hope that the debtor can come up with some form of a miracle in order to formulate an acceptable plan.***" *NationsBank, N.A. v. LDN Corp. (In re LDN Corp.),* 191 B.R. 320, 326 (Bankr.E.D.Va.1996).

*In re RYYZ, LLC*, 490 B.R. 29, 34 (Bankr. E.D.N.Y. 2013) (emphasis added); *see also In re 231 Fourth Ave. Lyceum, LLC*, 506 B.R. 196, 203 (Bankr. E.D.N.Y. 2014) (granting relief from

automatic stay in single asset real estate case where "[n]o evidence [was] provided to show that the Debtor [was] able to meet its obligations under the Plan.); *In re East/Alexander Holdings, LLC* No. BR 22-20151-PRW, 2022 WL 1529730, at *5 (Bankr. W.D.N.Y. May 12, 2022) (granting relief from automatic stay in single asset real estate case where debtor's "business is 'single asset real estate,' encumbered by a lien held by a single creditor with a substantial unsecured deficiency claim . . .the Court can see no prospect for a successful reorganization within a reasonable time.")

Indeed, expediency is at the very core of 11 U.S.C. § 362(d)(3) and therefore, courts will not enlarge the 90-day period absent a showing of good cause, and only when the relief sought is filed *before* the 90-day period expires. *Id., see also In re RYYZ, LLC* at 34 ("[T]he statute carefully circumscribes this relief by requiring the order to be *entered* before the 90-day period expires.") (emphasis in original). Here the Debtor has failed to satisfy either requirement for enlargement of the 90-day period and thus cannot cure its failure to timely file its plan. The defect is fatal. As such, Movant's request for the automatic stay to be lifted should be granted.

Debtor's sham listing of an illusory apartment in Queens, which generates no expenses or income and is at best a figment of Mr. Raviv's imagination does not turn this single asset real estate case into a small business case. (See DuVall Aff. pars. 13-17) Even the Amended Schedules denote no value for this so-called asset, which Mr. Raviv testified is occupied by the complex's superintendent, generating neither income nor expense for its ostensible shareholder, the Debtor, if the Amended Schedules and Mr. Raviv are to be believed.

## II. Debtor's Case is Filed in Bad Faith

Even if the Court does not determine on this motion whether this is a single asset case – and Movant respectfully submits that it is – this is a case filed in bad faith, providing an independent basis for relief from the stay or dismissal.

The definition of a bad faith filing is well-established. *See In re C–TC 9th Avenue Partnership*, 113 F.3d 1304, 1310 (2d Cir.1997) *see also In re Shea and Gould,* 214 B.R. 739, 744 (Bankr., S.D.N.Y. 1997). And as a matter of law, bad faith constitutes a basis for dismissal, and constitutes "cause" to lift the stay. *See, e.g. In re 300 Washington St. LLC,* 528 B.R. 534, 550–51 (Bankr. E.D.N.Y. 2015). Although not enumerated in 11 U.S.C. 1112(b), the Court in *In re C–TC* set forth eight factors for courts to weigh when determining whether a filing is in bad faith, as follows:

(1) the debtor has only one asset;
(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
(4) the debtor's financial condition is, in essence, a two - party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
(6) the debtor has little or no cash flow;
(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
(8) the debtor has no employees.

*In re C–TC 9th Ave. P'ship*, 113 F.3d at 1311. Applying those factors to the facts of this case demonstrates that it is a bad faith filing and thus must be dismissed. In fact, all of the factors have been met here:

1. The Debtor has only one asset. The notion that the valueless fictitious Apartment, with neither income nor expense, is an asset is absurd. (Duvall Aff. ¶13-17);
2. The Debtor has few, if any, unsecured creditors
3. The Debtor's one asset was the subject of a foreclosure action as a result of default on the debt. In fact, there is already a Judgment of Foreclosure and Sale. (Duvall Aff. ¶19);

4. This is unequivocally a two-party dispute between Debtor and Movant (Duvall Aff. ¶21);
5. The timing of the filing, two days before the Movant's foreclosure sale, clearly evidences an intent to delay and frustrate Movant's efforts to enforce its right as the Secured Creditor; moreover, the Debtor's conduct during the almost 5 months of this case fortifies the conclusion that the debtor's purpose is pure delay, and there is no real bankruptcy purpose at play in this case (Duvall Aff. ¶4-10);
6. Mr. Raviv testified at the 341 meeting that the Debtor has no income currently, had no income in 2024 and only real estate taxes for expenses, and the Debtor has not paid its post- petition real estate taxes; (DuVall Aff. at 13)
7. The Debtor cannot meet current expenses as evidenced by the fact that it has failed to pay real estate taxes since 2019 (Duvall Aff. ¶20); and
8. The Debtor has no employees. (Id.)

This is not a close call. Debtor's case is a textbook bad faith filing, made solely to frustrate Movant's efforts.

## CONCLUSION

For the reasons set forth above and in the accompanying Affirmation of Richard R. Duvall Movant respectfully submits that the Motion should be granted and (1) the automatic stay should be lifted, and/or (2) the case should be converted to Chapter 7 or dismissed as a bad faith filing.

Dated: May 5, 2025
      Poughkeepsie, New York

**Eric Goldfine Self-Employed Retirement Plan and Trust**
**By its Attorneys Mackey Butts & Whalen**

By: _____
Richard DuVall, Esq.
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com