# List of Documents

**Exhibit 1:** Judgment of foreclosure and sale.

**Exhibit 2:** Affirmation in Opposition –By

    Richard Duvall, Esq on 12/05/24

    To Appellate Division 2nd Dept.

**Exhibit 3:** Filing for Bankruptcy on 12/10/24.

**Exhibit 4:** The parties in the Appellate

    Division Docket no. 2024/11784

    (Eric Goldfine self employed retirement plan and trust}

    - Against -

    ( 68 Burns New Holdings, Inc )

**Exhibit 5:** Form Proof of claim Signed By:

    Richard R. Duvall, As ATTORNEY FOR;

    "Eric Goldfine, as Trustee of the Eric Goldfine Self-Employed Retirement Plan and trust ("SERPT") " On 5/01/25.

# EXHIBIT 1

**HIGHLIGHTS OF PRESCRIBING INFORMATION**
These highlights do not include all the information needed to use PRADAXA safely and effectively. See full prescribing information for PRADAXA.

**PRADAXA® (dabigatran etexilate mesylate) capsules for oral use**
**Initial U.S. Approval: 2010**

---------------------------INDICATIONS AND USAGE---------------------------
PRADAXA is a direct thrombin inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with non-valvular atrial fibrillation (1)

---------------------DOSAGE AND ADMINISTRATION---------------------
- For patients with CrCl >30 mL/min: 150 mg orally, twice daily (2.1)
- For patients with CrCl 15-30 mL/min: 75 mg orally, twice daily (2.1)
- Instruct patients not to chew, break, or open capsules (2.1)
- Review recommendations for converting to or from other oral or parenteral anticoagulants (2.2, 2.3)
- Temporarily discontinue PRADAXA before invasive or surgical procedures when possible, then restart promptly (2.4)

---------------------DOSAGE FORMS AND STRENGTHS---------------------
Capsules: 75 mg and 150 mg (3)

-----------------------------CONTRAINDICATIONS-----------------------------
- Active pathological bleeding (4)
- History of serious hypersensitivity reaction to PRADAXA (4)

----------------------WARNINGS AND PRECAUTIONS----------------------
- Risk of bleeding: PRADAXA can cause serious and, sometimes, fatal bleeding. Promptly evaluate signs and symptoms of blood loss. (5.1)
- Temporary discontinuation: Avoid lapses in therapy to minimize risk of stroke (5.2)
- P-gp inducers and inhibitors: Avoid coadministration of rifampin with PRADAXA because of effects on dabigatran exposure (5.3)

-----------------------------ADVERSE REACTIONS-----------------------------
Most common adverse reactions (>15%) are gastritis-like symptoms and bleeding (6.1)

**To report SUSPECTED ADVERSE REACTIONS, contact Boehringer Ingelheim Pharmaceuticals, Inc. at (800) 542-6257 or (800) 459-9906 TTY or FDA at 1-800-FDA-1088 or** www.fda.gov/medwatch.

----------------------USE IN SPECIFIC POPULATIONS----------------------
Geriatric use: Risk of bleeding increases with age (8.5)

**See 17 for PATIENT COUNSELING INFORMATION and Medication Guide.**

**Revised: 10/2010**

---

**FULL PRESCRIBING INFORMATION: CONTENTS\***

1 INDICATIONS AND USAGE
2 DOSAGE AND ADMINISTRATION
　2.1 Recommended Dose
　2.2 Converting from or to Warfarin
　2.3 Converting from or to Parenteral Anticoagulants
　2.4 Surgery and Interventions
3 DOSAGE FORMS AND STRENGTHS
4 CONTRAINDICATIONS
5 WARNINGS AND PRECAUTIONS
　5.1 Risk of Bleeding
　5.2 Temporary Discontinuation of PRADAXA
　5.3 Effect of P-gp Inducers and Inhibitors on Dabigatran Exposure
6 ADVERSE REACTIONS
　6.1 Clinical Trials Experience
7 DRUG INTERACTIONS
8 USE IN SPECIFIC POPULATIONS
　8.1 Pregnancy
　8.2 Labor and Delivery
　8.3 Nursing Mothers
　8.4 Pediatric Use
　8.5 Geriatric Use
　8.6 Renal Impairment
10 OVERDOSAGE
11 DESCRIPTION
12 CLINICAL PHARMACOLOGY
　12.1 Mechanism of Action
　12.2 Pharmacodynamics
　12.3 Pharmacokinetics
13 NONCLINICAL TOXICOLOGY
　13.1 Carcinogenesis, Mutagenesis, Impairment of Fertility
14 CLINICAL STUDIES
16 HOW SUPPLIED/STORAGE AND HANDLING
17 PATIENT COUNSELING INFORMATION
　17.1 Instructions for Patients
　17.2 Bleeding
　17.3 Gastrointestinal Adverse Reactions
　17.4 Invasive or Surgical Procedures
　17.5 Concomitant Medications

\*Sections or subsections omitted from the full prescribing information are not listed.

DEFENDANTS' EXHIBIT
5805
Ridings v. Boehringer Ingelheim
Case No. 4:15-cv-00020-JTM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------X

ERIC GOLDFINE SELF EMPLOYED
RETIREMENT PLAN AND TRUST,

      Plaintiff,

- against -

68 BURNS NEW HOLDINGS, INC., ~~GIDEON RAVIV~~,
PEOPLE OF THE STATE OF NEW YORK BY THE NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, JANE DOE and JOHN DOE,

      Defendants.
-----------------------------------------------------X

68 BURNS NEW HOLDINGS, INC.

      Third-Party Plaintiff,

- against -

334 CORP.,

      Third-Party Defendant.
-----------------------------------------------------X

**JUDGMENT OF FORECLOSURE AND SALE**

Index No.: 2020-50591

Assigned Judge:
Hon. Thomas R. Davis, J.S.C.



  UPON the Summon, Verified Complaint, and Notice of Pendency of Action duly filed in this action on February 13, 2020, re-filed January 26, 2024 (NYSCEF #247); and

  UPON this Court having granted Plaintiff's motion for summary judgment (NYSCEF # 191, and Samuel Philip Brooke Esq having been appointed Referee to Compute Dutchess on June 12, 2023 (NYSCEF # 197); and further

  UPON the Order of Reference having been duly made as aforesaid, to compute the amount due to the Plaintiff upon the Note and Mortgage set forth in the Verified Complaint, including attorney's fees, and to examine and report whether the mortgaged premises can be sold in parcels, and to take proof of the facts and circumstances stated in the Verified Complaint and to examine the Plaintiff as to any payments which were made on the mortgage indebtedness, and the said report having been made; and further

UPON reading and filing the report of Samuel Brooke, Esq. the Referee named in said Order, by which report, dated August 8, 2024, it appears that the sum of $769,504.24, including attorneys fees as directed by said Order of Reference, was due thereon as of August 1, 2024; and that the mortgaged premises should be sold in one parcel and the facts and circumstances stated in said Verified Complaint are true and that no payments were made to the Plaintiff or to any person for its use which have not been credited on account of the obligation mentioned in the Verified Complaint; and further

NOW, ON MOTION OF MACKEY, BUTTS & WHALEN LLP, attorneys for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the said report of the said Referee, be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the Verified Complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold at public auction *within 90 days* at the rear lobby of the Dutchess County Courthouse, 10 Market Street, in the City of Poughkeepsie, County of Dutchess, State of New York, by and under the direction of Samuel Philip Brooke, Esq., who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court in the Poughkeepsie Journal;

That the Plaintiff or any other parties to this action may become the purchaser at such sale; that in case the Plaintiff shall become the purchaser at the same sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that the said Referee deposit the balance of said proceeds in the Referee's own name as Referee in his/her IOLA attorney trust account and shall thereafter make the following payments and the Referee's checks drawn for that purpose shall be paid by the said depository:

FIRST: The statutory fees of said Referee for the Referee's hearing and Report on Computation are hereby fixed at $ 10,000, and the Referee's fees to sell pursuant to this judgment are hereby fixed at $ 750.00.

SECOND: The expense of the sale, including real property taxes, assessments or water rates which shall be liens on the premises at the time of the auction, but not including transfer stamps or recording fees, which shall be borne by the purchaser, and the advertising expenses as shown on the bills presented and certified by said Referee to be correct duplicate copies of which shall be filed with the said Referee's Report of Sale herein.

THIRD: Said Referee shall also pay to the Plaintiff or its attorneys the sum of $ 1859.36 adjudged to the Plaintiff for costs and disbursements in this action, as taxed by the Clerk, with interest thereon from the date hereof, together with an additional allowance of $300.00 hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof; and also $769,504.26, the said amount so reported due as aforesaid, together with legal interest thereon from August 1, 2024, or so much thereof as the purchase money of the mortgaged premises will pay of the same, plus such expenditures for taxes, insurance and the like which Plaintiff shall have made since August 1, 2024, for which Plaintiff shall have provided the Referee to sell with proof.

FOURTH: If such Referee intends to apply for further allowance for his fees, he may leave upon deposit such amount as will cover such additional allowance to await the further Order of the Court thereon after application duly made.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a Deed or Deeds of the premises sold upon the payment to said

Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff, for Referee's fees and advertising expenses, shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above in item marked "THIRD"; that if after applying the balance of the amount due to the Plaintiff, the Plaintiff shall pay, to said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from Plaintiff shall then deposit the balance.

That, said Referee take the receipt of the Plaintiff or Plaintiff's attorneys for the amounts paid as hereinbefore directed in item marked "THIRD" and file it with his Report of Sale; that he deposit the surplus monies, if any, with the Dutchess County Commissioner of Finance within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of the Court, signed by a Judge of the Court;

That the said Referee make his report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made and file it with the Clerk of the County of Dutchess within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs aforesaid, the Plaintiff recover from Defendant 68 Burns New Holdings Inc., the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an Order of this Court as provided for in said Section; and it is further

ORDERED, that the purchaser or purchasers at said sale be let into possession on production of

the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED, AND DECREED, that Defendant and all persons claiming under them or any of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof.

FOLLOWING is a description of the said mortgaged premises hereinbefore mentioned: SEE SCHEDULE "A" ANNEXED HERETO.

SUBJECT to all liens, encumbrances, covenants and restrictions of record which are entitled to priority over the mortgaged premises foreclosed hereby, if any; and subject to the right of the United States of America to redeem pursuant to 28 USC § 2410(c).

AND IT IS FURTHER,

ENTER:

_____
HON. THOMAS R. DAVIS, J.S.C.

MACKEY, BUTTS & WHALEN LLP
Attorneys for Plaintiff
Office and P.O. Address
319 Mill Street
Poughkeepsie, NY  12601
(845) 486-6800

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

Page 5 of 8

ORDERED, ADJUDGED AND DECREED that pursuant to 22 NYCRR §36.1, the Referee shall be subject to Part 36 of the Rules of the Chief Judge; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she/they is/are familiar with the duties and responsibilities of a Referee and has experience in such area, and is fully capable and prepared to assume those duties and responsibilities which are commensurate with his/her/their abilities; and it is further

ORDERED, ADJUDGED AND DECREED that attorneys or support staff in the appointee's office may perform tasks under the appointee's direct supervision, unless otherwise directed by the Court, but all substantive appearances and reports must be performed and/or created by the appointee; and it is further

ORDERED, ADJUDGED AND DECREED that Referee's fees as set forth in this judgment are deemed to be reasonable, and have been set forth and deemed applied for in the referee's report of computation dated August 8, 2024; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall read and familiarize himself/herself/themselves with the "New Auction Rules for the Ninth Judicial District Effective July 1, 2024," attached hereto as Schedule B, which rules are hereby incorporated into and made part of this Judgment of Foreclosure and Sale; and it is further

ORDERED, ADJUDGED AND DECREED that plaintiff's counsel shall schedule the foreclosure sale by sending an e-mail to DutchessAuctions@nycourts.gov; and it is further

ORDERED, ADJUDGED AND DECREED that the foreclosure sale of the mortgaged property shall be conducted in Compliance with the aforesaid New Auction Rules for the Ninth Judicial District, including the scheduling of the foreclosure sale; and it is further

ORDERED, ADJUDGED AND DECREED that **Plaintiff's counsel shall furnish the Foreclosure Action Surplus Monies Form to the appointed Referee prior to the foreclosure sale** date. A fillable version of this Form can be found on the court's website, at: http://www.nycourts.gov/FORMS/SurplusMoniesFormFillable.pdf; and it is further

Page 6 of 8

ORDERED, ADJUDGED AND DECREED that the Referee will complete the aforesaid surplus monies form at the auction, and deliver the signed form to the court clerk, who will subsequently provide it to the County Clerk, in accordance with the current "New Auction Rules for the Ninth Judicial District"; and it is further

ORDERED, ADJUDGED AND DECREED that the closing of title shall take place at the office of the Referee, or at such other location as the Referee shall determine, within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at auction. Any delay or adjournment of the closing date beyond forty-five (45) days may be stipulated among the parties, with the Referee's consent, up to ninety (90) days from the date of sale, but any adjournments beyond ninety (90) days may be set only with the approval of this Court; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall make a Report of Sale showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payments were made, and shall file the Report of Sale with the County Clerk of the County of Dutchess within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser; and it is further

ORDERED, ADJUDGED AND DECREED that this matter is scheduled for an in-person **status conference before this Court on April 21, 2025 at 9:30am.** The purpose of this conference is to determine whether the foreclosure sale has occurred as ordered, the outcome of such sale and to make such further orders as the Court deems necessary. **Appearances by the parties and appointed Referee are required unless**: (1) a Report of Sale and a completed Foreclosure Action Surplus Monies Form has been filed and received by the undersigned one week prior to this date; or (2) the Referee notifies the Court in writing one week prior to this date that the sale is not going to occur prior to this date and requests a new date based upon when he/she believes the sale will occur.

Said property is commonly known as 710 U.S. Route 9, Hyde Park, New York.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

Page 7 of 8

The Amended New Auction Rules for the Ninth Judicial District are annexed hereto as Schedule B.

Dated: October 24, 2024
Poughkeepsie, NY

ENTER:

_____
Hon. Thomas R. Davis, J.S.C.

Pursuant to CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

Page 8 of 8