Richard R. DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**July 22, 2025 at 3:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Chapter 11
Case No. 24-45157-NHL

In re: 68 Burns New Holdings, Inc.


                              Debtor.
-------------------------------------------------------------x

### AFFIRMATION OF RICHARD R. DuVALL IN OPPOSITION TO DEBTOR'S PRINCIPAL GIDEON RAVIV'S EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR DISMISSSAL OR CONVERSION PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b) AND FOR EXTENSION OF TIME TO RETAIN COUNSEL

RICHARD R. DuVALL, an attorney duly admitted to practice law in this Court, respectfully affirms under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

1.      I am a member of the law firm of Mackey Butts & Whalen, LLP, attorneys for movant, Eric Goldfine as Trustee of his Self-Employed Retirement Plan And Trust ("Movant"), and I make this affirmation of my own knowledge.

2.      I make this affirmation based upon the documents attached hereto, and referenced herein and previously filed in this case.

3.      Mr. Raviv's motion should initially be rejected out of hand since, as he well knows, the Corporate Debtor may not act except by and through an attorney licensed to practice law before

this court. Mr. Raviv is well aware of this requirement. He filed the petition in this case, ostensibly "pro se", was promptly reminded at **Docket No. 4** of the deficiency in the filing consisting of the Debtor's inability to be represented by its non-attorney principal. He then ultimately retained an attorney, but not before he obtained delay by showing up at the Debtor's initial 341 meeting "pro se". The meeting could not proceed.

4.      Mr. Raviv has previously filed two motions (see **Docket Nos. 23 and 24**) "pro se" or on behalf of the Corporate Debtor, while he is not an attorney licensed to practice law in the State of New York or before this court. This is now his third unauthorized and inappropriate motion.

5.      While Mr. Raviv has been making motions, he apparently has not been trying to find an attorney to represent the corporation. He claimed in this motion and in his "motion to remove/replace Mr. Portilla" (see **Docket No. 23**), that Mr. Portilla has been incommunicative for months. Mr. Raviv has failed to advise this court why he has not found a substitute attorney to actually represent the corporation. There is no reason to believe the corporate Debtor will obtain new counsel. Mr. Raviv's sole purpose in these motions appears to be the delay and frustration of the court, it orderly processes, and the creditors.

6.      Mr. Raviv comported himself similarly in the state court. After the referee had found the amount due to the Movant. Mr. Raviv made his own "pro se" motions. See Exhibits "1" and "2". Mr. Raviv's conduct evinces a pattern of frustration of purpose, delay and last-minute theatrics calculated to delay court processes and frustrate Movant, his principal creditor.

7.      Mr. Raviv's motion claims that "the Debtor commenced this case under Chapter 11 of the Bankruptcy Code in an effort to reorganize and preserve its operations." (See Emergency Motion, paragraph 1). The Debtor's recently late-filed operating reports reveal an utter lack of "operations." Respectfully, if the Debtor wished to accomplish something besides delay in this

2

Court, the Debtor would have timely filed operating statements, proposed a plan of reorganization in timely fashion, hired a broker to sell its asset, obtained and presented alternate financing, or done something (anything at all) seeking to effect a legitimate bankruptcy purpose in this case. Instead, the premises remains uninsured, with taxes unpaid, no income, and no hint of a plan. The conversion to Chapter 7 is best for all involved.

8.      As stated on the record during the hearing on our client's motion to lift the automatic stay or in the alternative to dismiss or convert, neither the Debtor nor Mr. Raviv contested the unassailable fact that the Debtor had filed no operating statements, filed no plan, and remained deficient in its other filings. Mr. Raviv's motion, **Docket No. 27**, fails to set forth any reason why the conversion should not remain in effect and the order accomplishing same should not be signed. Rather, the emergency motion validates the court's reasoning that conversion of the Chapter 11 case to a case under Chapter 7 is the appropriate exercise of the court's discretion. Accompanying these papers is a memorandum of law, setting forth the appropriateness of the court's conclusion to convert the case rather than dismiss it under the facts and circumstances of this case.

WHEREFORE, for all the above reasons, and for the reasons set forth in Movant's motion at **Docket Nos. 18 and 19**, the proposed Order to convert the case should be signed, and Mr. Raviv's other motions should be denied as inappropriate motions by a principal of a corporate debtor purporting to act "pro se" without being admitted to practice before this court.

Dated: July 17, 2025
        Poughkeepsie, New York

                                Respectfully submitted,

                                **Eric Goldfine as Trustee of his Self-Employed
                                Retirement Plan and Trust
                                By its Attorneys Mackey Butts & Whalen**

                                By: _____
                                        Richard R. DuVall, Esq.

3

319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
Julio E. Portilla
*Counsel for Debtor*
380 Lexington Ave.
Suite 446
New York, NY 10168
(212) 365-0292
F:  (212) 365-4417
E: jp@julioportillalaw.com

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

U.S. Trustee
Office of the United States Trustee
Easter District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580

AllSpace Self Storage
189 Manchester Road
Poughkeepsie, NY 12603

Foster Garvey PC
100 Wall St.
New York, NY 10005

Gideon Raviv
70-25 Yellowstone Blvd.
Forest Hills, NY 11375

NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

4937-3471-9061, v. 4

Rosenberg Fortuna & Laitman, LLP
666 Old Country Rd
#810
Garden City, NY 11530

Town of Hyde Park
4383 Albany Post Road
Hyde Park, NY 12538

4937-3471-9061, v. 4