Richard R. DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**July 22, 2025 at 3:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re: 68 Burns New Holdings, Inc.

Chapter 11
Case No. 24-45157-NHL

Debtor.
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S PRINCIPAL GIDEON RAVIV'S EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR DISMISSSAL OR CONVERSION PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b) AND FOR EXTENSION OF TIME TO RETAIN COUNSEL**

## INTRODUCTION

This Memorandum of Law is respectfully submitted on behalf of Eric Goldfine, as Trustee of the Eric Goldfine Self-Employed Retirement Plan and Trust ("Movant"), a secured Creditor in this case.

## ARGUMENT

Movant previously moved this court (see **Docket Nos.: 18, 19**) for alternative relief consisting of relief from the automatic stay, conversion or dismissal. At a hearing on the record on June 24, 2025, the court decided to convert the case to a case under Chapter 7. At the hearing the corporate Debtor was represented by Julio E. Portilla, Esquire, and Gideon Raviv, Principal of the Debtor also participated meaningfully.

Pursuant to the court's direction at the Hearing, a proposed Order converting the case was submitted with Notice of Settlement returnable July 17, 2025. Gideon Raviv, Principal of the

Debtor electronically-filed an "Emergency Motion", see **Docket No. 27**, to be heard, together with **Docket Nos. 23 and 24** July 22, 2025 at 3:00 p.m.

### I. Gideon Raviv may not represent the corporate Debtor and his "Pro Se" motions should be stricken and denied.

Corporations are not permitted to be represented by their principals. They must be represented by attorneys. *Lattanzio v. COMTA,* 481 F.3d 137 (2d. Cir. 2007). While courts have, on occasion, permitted a corporation to cure a previously defective "pro se" bankruptcy filing by appearance of counsel on behalf of the corporate debtor, as happened in this case, that exercise of discretion does not grant Mr. Raviv the ability to practice law before this court on behalf of "his corporation".

As set forth in the affirmation of Richard R. DuVall submitted in opposition to Mr. Raviv's motion, Mr. Raviv is no stranger to the requirement that his corporation have an attorney licensed to practice law and admitted to practice in this court. That is what happened in this case when he initially filed a "pro se" petition and was advised that he had to hire an attorney. He hired Mr. Portilla.

In the state court foreclosure action in Dutchess County, Mr. Raviv was well aware of the fact that his state court attorney represented the corporation while he tried to represent "himself", notwithstanding the fact that he was at the time no longer an active defendant in that case. See motions filed in state court foreclosure action at Exhibits "1" and "2" to the DuVall Affirmation.

There is no exigent reason to excuse Mr. Raviv or the corporate debtor from its obligation to retain an attorney if it wishes to enjoy the benefits of Chapter 11. The court *In re IFC Credit Corporation,* 667 F.3d 315, 318-319 (7th Circuit, 2011) put it as follows:

> Corporations enjoy a number of privileges denied individuals, such as the cloak of limited liability worn by their investors (whether individuals or other corporations), which enables corporations to raise equity capital more cheaply than individuals

can. Inability to litigate pro se can be thought of as part of the price for corporations' privileges. *United States v. Hagerman, supra,* 545 F.3d at 581-82; 1**319 Jadair Inc. v. United States Fire Ins. Co.,* 209 Wis.2d 187,562 N.W.2d 401,407 n. 14 (1997); *Eckles v. Atlanta Technology Group, Inc.,* 267 Ga. 801,485 S.E.2d 22, 26 (1997).

Mr. Raviv's "Emergency Motion" at **Docket No. 27** should be denied just like his "pro se" motion to "replace" the corporation's counsel at **Docket No. 23**, and his "pro se" motion to strike Movant's claim at **Docket No.24** should be similarly denied. He is not permitted to practice before this court and this court should not encourage him by considering his improper motions.

**II.     Mr. Raviv's Conduct Reinforces the Court's Sound Conclusion to Convert, Not Dismiss this Case as was Established at the Hearing on June 24, 2025.**

The currently pending "pro se" motions by Mr. Raviv are no exception to the seven month history in this case. "Cause" clearly exists. As this court held in *In re Babayoff,* 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011):

> Section 1112(b)(4)(J) also reflects the fact that a debtor must comply with the time requirements established by the Bankruptcy Code and any orders of the court. That is, " 'a debtor cannot wallow in chapter 11.' " *In re BH S & B Holdings,* 439 B.R. at 351 (quoting *In re Tornheim,* 181 B.R. at 164). A debtor's failure to make meaningful and substantive progress toward the confirmation of a plan within the time periods fixed by the Bankruptcy Code and any court orders may lead to undue delay, and such delay is nearly always prejudicial to creditors. If a debtor does not make progress toward confirmation of a plan within these time periods, or within in a reasonable period, then relief under Section 1112(b)(4)(J) should follow. *See In re Van Eck,* 425 B.R. 54, 65 (Bankr.D.Conn.2010) (cause to dismiss present after eighteen months where debtor filed plan to be funded by speculative inheritance and funds generated from entity yet to be formed); *In re Tornheim,* 181 B.R. at 165 (cause to convert or dismiss present after sixteen months where the debtor's "failure to file a plan...shows both unreasonable, prejudicial delay and an inability to effectuate a plan"); *In re Larmar Estates, Inc.,* 6 B.R. 933, 935 (Bankr.E.D.N.Y.1980) (cause to convert or dismiss present after eight months where plan had not been filed, where there was "absolutely no movement toward the confirmation of a plan," and "[i]t [was] clear that the debtors [had] been unable to effectuate plans of reorganization."); *In re Photo Promotion Assocs., Inc.,* 47 B.R. 454, 459 (S.D.N.Y.1985) (cause to dismiss present after six months where Chapter 11 debtor had neither filed plan nor shown an ability to do so in the near future).

3

The court in *Babayoff* went on to discuss the considerations that favored conversion rather than dismissal:

> Here, several considerations weigh in favor of the conversion of this case to one under Chapter 7, rather than dismissal. If this case is converted, a Chapter 7 trustee will be appointed and will be able to pursue assets including the Note, which is due in April 2011, for the benefit of the estate. A Chapter 7 trustee also may raise any preferential payments made by the Debtor as defenses to claims under Bankruptcy Code Section 502(b). *Liebert v. Nisselson (In re Levine)*, 2008 WL 4186322, at *2, 2008 Bankr,LEXIS 2639, at *8 n. 9 (Bankr.S.D.N.Y. Sept. 5, 2008).
> A Chapter 7 trustee may also look into the circumstances of the secured claim filed by Capital One Bank against the 609 Sutter Avenue property, which is not listed as an estate asset. And a Chapter 7 trustee may address the issue of valuation of the Property, negotiate with secured creditors in an effort to reduce their claims, and consider the liquidation of estate assets for the benefit of creditors.
> Based on the entire record, these factors weigh in favor of finding that conversion of this case is in the best interests of creditors and the estate under Section 1112(b).

*Id.* at 83.

See also *Hamilton Rd. Realty, LLC v. United States Tr.*, No. 20-CV-1746 (LDH), 2021 WL 878734, at *2-3 (E.D.N.Y. Mar. 9, 2021); *In re BH S & B Holdings, LLC*, 439 B.R. 342, 346-47 (Bankr. S.D.N.Y. 2010).

Here, the record is clear that conversion properly benefits the estate as a whole and the creditors. As the court noted during the hearing on the record, a trustee will be in a position to liquidate the property, pay the creditors, and perhaps return a dividend to Mr. Raviv. Mr Raviv has shown no ability to do that. Rather, over the past years, he has caused the Debtor to fail to pay real estate taxes, allowed the mortgage debt to mushroom over the past 5 years to over $833,000.00, based upon a principal loan amount remaining of just $307,000.00, due to tax advances and accrual of interest on principal and tax advances, plus legal and Referee's fees.

Furthermore, Mr. Raviv expressed no knowledge about the corporation's potential ostensible interest in a cooperative apartment that the Debtor listed on its amended schedules. If such apartment has value, and is actually owned by the Debtor, perhaps the Trustee will be properly

incentivized to liquidate the cooperative apartment in addition, benefitting Mr. Raviv and/or the unsecured creditors.

There is no reason to delay conversion of this case. Even since Mr. Raviv filed his improper "pro se" motion to discharge or replace the corporation's attorney at **Docket No. 23**, filed on June 20, 2025, there is no evidence that Mr. Raviv has retained proposed substitute counsel for the debtor in this case. Clearly, his current "emergency motion" is nothing more than an effort to frustrate and delay the inevitable. Prompt appointment of a Chapter 7 trustee to protect the asset, list it, market it, and sell it is in the best interest of the creditors and the estate, and likely in addition in the best interest of Mr. Raviv since he seems incapable of carrying out his fiduciary duties on behalf of his corporation, and incapable of exercising rational business judgment for the benefit of his corporation or the creditors of the corporation.

## CONCLUSION

In light of all the aforesaid, Movant, respectfully requests that the court execute the proposed Order converting the case to Chapter 7, and deny Mr. Raviv's motions in their entirety with prejudice.

Dated: July 17, 2025
       Poughkeepsie, New York

                                      **Eric Goldfine Self-Employed Retirement Plan and Trust**
                                      **By its Attorneys Mackey Butts & Whalen**

By: _____
          Richard R. DuVall, Esq.
          319 Mill Street
          Poughkeepsie, NY 12601
          P: 845-452-4000
          F: 845-454-4966
          rduvall@mbwlawyers.com