Richard R. DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**September 4, 2025 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Chapter 7
Case No. 24-45157-NHL

In re: 68 Burns New Holdings, Inc.

Debtor.
-----------------------------------------------------------x

## AFFIRMATION OF RICHARD R. DuVALL IN OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER THE COURT'S RULING TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

RICHARD R. DuVALL, an attorney duly admitted to practice law in this Court, respectfully affirms under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am a member of the law firm of Mackey Butts & Whalen, LLP, attorneys for Eric Goldfine as Trustee of his Self-Employed Retirement Plan And Trust ("SERPT"), am duly admitted to practice before this Court, and I make this affirmation of my own knowledge.

2. I make this affirmation based upon the documents attached hereto, and referenced herein and previously filed in this case and in opposition to the Debtor's motion at Docket No. 44.

3. The court should not reconsider its order converting this case to Chapter 7.

4. The court first articulated its decision on the record that it was going to convert the case on June 24, 2025.

5.  The Debtor's principal already made several improper "emergency" motions. Nothing that the Debtor or the Debtor's principal has said or done since June 24 ought to change this Court's well considered decision that conversion and appointment of a Chapter 7 trustee was in the best interest of the creditors and the estate. This court is all too familiar with the conduct of the Debtor and the Debtor's principal since June 24th and for many months prior thereto. All of the reasons for conversion cited in the order converting the case remain valid and overwhelmingly support the court's sound and considered exercise of its discretion to convert and not dismiss this case.

6.  Following June 24th, there were at least two further hearings at which the Debtor's points were heard at length, including most recently when the Debtor's counsel and its principal urged on the record on August 13th that a commitment letter was available regarding a loan to pay its current secured lender, Eric Goldfine SERPT. The secured creditor wants nothing more than payment in full, but the requested reconsideration of the conversion order, sought to enable the Debtor to borrow <u>on a priming lien basis</u> under 11 U.S.C. § 364(d) is not in furtherance of any legitimate bankruptcy purpose. Only adherence to the conversion and confirming the Chapter 7 Trustee's control of property of the estate will further the purposes of the Code.

7.  There is nothing "newly found" or previously unavailable to the Debtor in the so-called commitment letter dated August 20, 2025. Mr. Raviv, in his statements on the record to the court, opined on August 13, 2025 that a loan commitment was available. The court aptly noted that a commitment was not the same as money. Nor is the August 20, 2025 a letter from Woodmont Horn FL, LLC a binding commitment.

8.  The "commitment" letter states that it is subject to an appraisal and subject to the borrower's payment of an $11,000.00 commitment fee. There is nothing in the motion seeking reconsideration, nor in Debtor's separate motion seeking approval of superpriority financing

suggests that the Debtor can pay the commitment fee, let alone service the proposed debt. The "commitment" expires by its terms on September 12. The "commitment" requires a current survey, which would take many weeks for the 140+/- acre parcel and cost many thousands of dollars. The "commitment" prohibits any other lien, which will be impossible given the obvious continued existence of the current secured creditor's lien, since the motion does not propose to pay the current mortgage holder, but instead seeks to prime its lien.

9. The Debtor cites three cases at paragraph 2 of the motion as somehow supporting its application. Nothing in the cases cited even remotely relates to relief under Rule 60(b) or FRBP 9024, nor "newly found evidence". Citation to those cases is frankly baffling.

10. *In re Motors Liquidation Co.*, 590 B.R. 39, 56–58 (S.D.N.Y. 2018), aff'd, 943 F.3d 125 (2d Cir. 2019), was an appeal from a bankruptcy court order involving the reorganized General Motors. Nothing at page 57 of the cited decision has anything to do with the Debtor's application in this case.

11. Similarly, *In re American Preferred Prescriptions.*, 367 B.R. 84, 92-93, (S.D.N.Y. 2007), was a district court order reversing a bankruptcy court decision and order. It does not refer to Rule 60(b).

12. *In re Adelphia Commc'ns Corp.*, 367 B.R. 84, 91–93 (S.D.N.Y. 2007), similarly had nothing to do with Rule 60(b) or newly found evidence. The discussion at the cited pages considers "equitable mootness" and judicial estoppel.

13. Regardless, the commitment letter is not "newly found" evidence. Nor is it reason to disturb the court's well considered order converting this case.

14. As set forth separately in our opposition to the motion seeking approval of financing

4931-4452-7972, v. 2

under 11 U.S.C. § 364(d), that motion is absurd. The Debtor makes no effort to establish that Eric Goldfine SERPT is adequately protected which is the Debtor's clear burden under 11 U.S.C. § 364(d)(2).

15.  Moreover, given the Debtor's lack of income, failure and refusal to pay its real estate taxes, utter refusal and failure to adhere to this court's orders, failure to file a plan, (let alone a timely or confirmable plan), and its otherwise gross inability to manage its property in a business like fashion, there is nothing that suggests that the borrowing would be the exercise of sound business discretion.

16.  Given that this case is already converted, and a trustee appointed, these motions are somewhat like a "Hail Mary" pass in a football game after the game is over and the fans have left the stadium.

WHEREFORE, for all the above reasons, and the reasons sets forth in your affirmant's opposition to the motion seeking approval of financing at Docket No. 46, the motion seeking reconsideration of this court's order converting the case to Chapter 7 should be denied.

Dated: September 2, 2025
       Poughkeepsie, New York

Respectfully submitted,

**Eric Goldfine as Trustee of his Self-Employed Retirement Plan and Trust**
By its Attorneys Mackey Butts & Whalen

By: _____
Richard R. DuVall, Esq.
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
Julio E. Portilla
*Counsel for Debtor*
380 Lexington Ave.
Suite 446
New York, NY 10168
(212) 365-0292
F: (212) 365-4417
E: jp@julioportillalaw.com

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

*Trustee*
David J. Doyaga
David J. Doyaga, Trustee
26 Court Street
Suite 1803
Brooklyn, NY 11242
(718) 488-7500

*U.S. Trustee*
Office of the United States Trustee
Easter District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580

AllSpace Self Storage
189 Manchester Road
Poughkeepsie, NY 12603

Foster Garvey PC
100 Wall St.
New York, NY 10005

Gideon Raviv
70-25 Yellowstone Blvd.
Forest Hills, NY 11375

NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

5

4931-4452-7972, v. 2

Rosenberg Fortuna & Laitman, LLP
666 Old Country Rd
#810
Garden City, NY 11530

Town of Hyde Park
4383 Albany Post Road
Hyde Park, NY 12538