Richard R. DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
September 4, 2025 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Chapter 7
Case No. 24-45157-NHL

In re: 68 Burns New Holdings, Inc.

Debtor.
-----------------------------------------------------------x

## AFFIRMATION OF RICHARD R. DuVALL IN OPPOSITION TO DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN CREDIT

RICHARD R. DuVALL, an attorney duly admitted to practice law in this Court, respectfully affirms under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am a member of the law firm of Mackey Butts & Whalen, LLP, attorneys for Eric Goldfine as Trustee of his Self-Employed Retirement Plan And Trust ("SERPT"), duly admitted to practice before this Court, and I make this affirmation of my own knowledge.

2. I make this affirmation based upon the documents attached hereto, and referenced herein and previously filed in this case, in opposition to the Debtor's motion at Docket No. 46.

3. The motion cites several different sections of the Bankruptcy Code under which it seeks relief. However at the motion's core it seeks only financing under 1 U.S.C. § 364(d). The motion at paragraph 12 cites to both 11 U.S.C. § 364(c)(1) and § 364(d) and without specifying

under which section the Debtor proposes to borrow. Clearly, however, the "commitment" letter purports to extend a first priority secured loan. The Debtor's Petition and Schedules reveal that it owns no unencumbered real property so Section 364(c) cannot apply. However, at paragraph 12(c) of the motion, the Debtor clearly indicates that it is seeking permission to borrow under Section 364(d), granting to its proposed lender a super priority lien, priming the first mortgage of Eric Goldfine SERPT. The Debtor does not suggest that the lien of its secured creditor will be satisfied with the proposed borrowing, and the proposed lender clearly requires a first mortgage position.

4. In the motion's "legal argument" section commencing at paragraph 16, the Debtor clarifies that it is seeking super priority financing, secured by a first mortgage, priming the lien of its current secured creditor. The Debtor makes no effort whatsoever to establish adequate protection and therefore the motion must be denied under 11 U.S.C. § 364(d)(2).

5. The motion's barely comprehensible discussion in paragraph 17, suggesting that Eric Goldfine SERPT "will receive adequate protection in the form of replacement liens, an equity cushion in the property and periodic payments as per the commitment letter" makes no sense. Your affirmant does not wish to prolong the time between today and the day the Chapter 7 Trustee sells the property with a sanctions hearing, but the court may wish to initiate such an inquiry under FRBP 9011 (c)(1)(B).

6. The Debtor has no income. The Debtor has no assets other than the real estate. The Debtor cannot pay its real estate taxes and clearly will not be able to service the debt which the Debtor seeks to incur under the terms set forth in the commitment letter. The Debtor cannot pay the commitment fee specified in the commitment letter, and the Debtor's plan to borrow this money is clearly the Debtor's intent to go from the frying pan into the fire.

7. As set forth in SERPT's motion to lift the automatic stay at Docket No. 18,

4933-4919-6644, v. 4

the Debtor has not paid its real estate taxes over seven years. It has made no payments to its secured creditor in over five years.

8. The motion refers to a "path of reorganization", but there can be no reorganization when there is no organization capable of developing or operating the property, selling the property, or otherwise actually operating a business of developing or selling the property.

9. In paragraph 19 of the motion, counsel's *ipse dixit* suggestion that secured creditor Eric Goldfine SERPT is adequately protected or would be adequately protected after a priming lien of $1.1 million is placed in front of it is frankly absurd.

10. There is no evidence in the motion to suggest that that is the case. Moreover, the notion that this Debtor will be able to service over $2,000,000.00 of debt is absurd.

11. Your affirmant will separately address the Debtor's request for reconsideration of the order converting the former Chapter 11 case to a case under Chapter 7.

WHEREFORE, for all the above reasons, Eric Goldfine, as Trustee of his Self-Employed Retirement Plan and Trust respectfully requests that the motion be denied.

Dated: September 2, 2025
Poughkeepsie, New York

Respectfully submitted,

**Eric Goldfine as Trustee of his Self-Employed Retirement Plan and Trust**
**By its Attorneys Mackey Butts & Whalen**

By: _____
Richard R. DuVall, Esq.
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
Julio E. Portilla
*Counsel for Debtor*
380 Lexington Ave.
Suite 446
New York, NY 10168
(212) 365-0292
F: (212) 365-4417
E: jp@julioportillalaw.com

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

*Trustee*
David J. Doyaga
David J. Doyaga, Trustee
26 Court Street
Suite 1803
Brooklyn, NY 11242
(718) 488-7500

*U.S. Trustee*
Office of the United States Trustee
Easter District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580

AllSpace Self Storage
189 Manchester Road
Poughkeepsie, NY 12603

Foster Garvey PC
100 Wall St.
New York, NY 10005

Gideon Raviv
70-25 Yellowstone Blvd.
Forest Hills, NY 11375

4933-4919-6644, v. 4

NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

Rosenberg Fortuna & Laitman, LLP
666 Old Country Rd
#810
Garden City, NY 11530

Town of Hyde Park
4383 Albany Post Road
Hyde Park, NY 12538

4933-4919-6644, v. 4