| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **HEARING DATE & TIME**<br>September 11, 2025 at 3:00p.m. |
| In re:<br>   68 Burns New Holdings, Inc., | **Chapter 11**<br>**Case No. 24-45157-NHL** |
|         Debtor. | |

## AFFIDAVIT OF CREDITOR GIDEON RAVIV OPPOSITION TO CONVERTING THE CASE FROM CHAPTER 11 TO CHAPTER 7 AND OPPOSITION TO THE ERIC GOLDFINE SELF-EMPLOYED RETIREMENT PLAN AND TRUST OPPOSITION TO DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN CREDIT

**GIDEON RAVIV**, being duly sworn, deposes and says:

1. **Response to Attorney Richard DuVall's Submission:**

In response to the hearing held on September 4, 2025, Attorney Richard DuVall sent a response, which was mailed the day before, on September 3, 2025. Please refer to **Exhibit "A"** for a copy of the envelope with the postage stamp dated September 3, 2025. However, this response only reached me on September 9, 2025, and I had no opportunity to review or respond to it until now.

2. **Incorrect Claims Made by Attorney DuVall:**

After a brief review, it is evident that all of Attorney DuVall's claims are incorrect. I will address each claim below:

a. **Loan Coverage:**

The loan that is set to be provided will fully cover the entire amount owed to Eric Goldfine as of September 4, 2025. There is no remaining balance or partial payment situation.

b. **No Partial Payments:**

1

Attorney DuVall's assertion that there are partial payments is incorrect. The payment to Eric Goldfine, will be in the amount of $844,072.32, which represents the full amount, and no partial payments are involved.

c. **Ongoing Disagreement on Judgment:**

It is well known to Eric Goldfine and his attorney, Richard DuVall, that there is still an ongoing dispute regarding the judgment by Judge Davis. We have appeals pending before the Appellate Division, 2nd Department. Specifically, three (3) appeals were stayed upon the initiation of this current bankruptcy case to prevent the sale of the land in Hyde Park.

d. **False Explanations and Stories:**

All other explanations and claims made by Attorney DuVall are false and do not warrant further clarification. They are intended to mislead the Court and are not supported by the facts.

3. **Legal Right to Formulate a Debt Settlement:**

It is neither fair nor legally justified to cancel the legal right to formulate a debt settlement, as was requested in Chapter 11. The debtor should be allowed to continue with the Chapter 11 process in order to properly reorganize and settle the debts.

4. **Purpose of Chapter 11 Filing:**

It is important to note that not all entities seeking a debt restructuring under Chapter 11 are companies with liquid assets. The primary purpose of Chapter 11 is to assist companies in reorganizing their debts and restructuring their payment plans.

5. **Legal Assistance and Debt Resolution Plan:**

As the Court is aware, the legal assistance the debtor was forced to select under the Court's instructions was not optimal. However, the debtor submitted a debt resolution plan on April 6, 2025 to his attorney, to address the payments owed by the company, particularly given that the company possesses assets that cover most of the debts, including unsecured debts. Additionally, the debt owed to the Secured Creditor is fully Secured.

6. **Clarification Regarding the Loan:**

If Attorney Portilla made any error in explaining the loan as per Attorney DuVall's explanation, this should be corrected. The loan amount is significantly higher than the secured debt owed to the Secured Party. As such, there is no basis for creating confusion regarding "partial payments." The amount of $1,100,000, according to the Court's instructions, is more than sufficient to cover the entire debt of the Secured Creditor, which now totals $844,072.38.

7. **Unjust Attempt to Liquidate Assets:**

Due to Attorney Richard DuVall's misleading statements, the Court was persuaded that the debtors assets and efforts should be liquidated under Chapter 7. Such a decision would be inhumane and unjust, as it seeks to seize debtors property without justification. This decision would be detrimental and unnecessary.

8. **Request for Relief:**

Therefore, I respectfully request that the Court allow the debtor to deposit the entire amount owed to the Secured Creditor, Eric Goldfine, and permit the Appellate Division to complete its review of the three appeals pending before it concerning the judgment

issued by Judge Davis. Additionally, I request that the Court allow the debtor to continue finalizing the loan agreement or to bring in a financial partner, with the goal of rehabilitating the company, paying off all its debts, and maintaining the company under Chapter 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of September 2025, in Forest Hills, New York.

Gideon Raviv
Creditor
70-25 Yellowstone Blvd. Apt. 3D
Forest Hills, NY 11375
(718) 268-6928
Gideon1818@hotmail.com

GIDEON   RAVIV

SWORN TO BEFORE ME, THIS
11th OF September 2025

NOTARY   PUBLIC

JOSEPHINE BOURNE
Notary Public, State of New York
No. 04BO6325374
Qualified in Kings County
Commission Expires May 26, 2027

4

# EXHIBIT "A"



MACKEY BUTTS & WHALEN LLP
ATTORNEYS AT LAW
9 Mill Street
Poughkeepsie, NY 12601

68 Burns New Holdings, Inc.
70-25 Yellowstone Blvd.
Suite 3D
Forest Hills, NY 11375

RECEIVED ON SEP. 9, 2025