UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                                    Chapter 7

      68 BURNS NEW HOLDINGS, INC,                  Case No.: 24-45157-nhl

                             Debtor.
---------------------------------------------------------X

## ORDER RETAINING ROSEN, TSIONIS & PIZZO, PLLC AS ATTORNEYS FOR THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 9, 2025

UPON the application (the "Application") of David J. Doyaga, Sr., interim Chapter 7 Trustee (the "Trustee") for the estate of 68 Burns New Holdings, Inc (the "Debtor"), to retain Rosen, Tsionis & Pizzo, PLLC as attorneys to the Trustee, and upon the affidavit of Alex E. Tsionis, Esq., in support of the Trustee's Application, sworn to on the 11th day of September, 2025 (the "Tsionis Affidavit"), and it appearing that Rosen, Tsionis & Pizzo, PLLC does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person" as that term is used in section 101(14) of Title 11 of the United States Code (the "Bankruptcy Code"); and the Court having determined that the employment of Rosen, Tsionis & Pizzo, PLLC by the Trustee will be in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Trustee is authorized to retain Rosen, Tsionis & Pizzo, PLLC as attorneys to the Trustee, effective as of September 9, 2025, on the terms and conditions set forth in the Application and the Tsionis Affidavit; and it is further

**ORDERED**, that to the extent the Application or the Tsionis Affidavit is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that Rosen, Tsionis & Pizzo, PLLC shall seek compensation for all fees and

reimbursement of expenses upon proper application, upon notice and hearing as is required under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, E.D.N.Y. LBR 2014-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that Rosen, Tsionis & Pizzo, PLLC shall not share its compensation with any other attorneys; and it is further

**ORDERED**, that ten (10) business days prior to any increases in Rosen, Tsionis & Pizzo, PLLC's billing rates for any individual employed by Rosen, Tsionis & Pizzo, PLLC and retained by the Trustee pursuant to Court Order, Rosen, Tsionis & Pizzo, PLLC shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to section 330(a)(3)(F) of the Bankruptcy Code. Parties in interest, including the Office of the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to the reasonableness standard under section 330 of the Bankruptcy Code. Supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee; and it is further

[*Order Continues on Next Page*]

**ORDERED**, that the Court may retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:/s/ *Jeremy S. Sussman, Esq.*
Jeremy S. Sussman
Trial Attorney
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004

Dated: September 11, 2025
　　　　New York, New York



Dated: September 24, 2025
　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　**Nancy Hershey Lord**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**