**Rosen, Tsionis & Pizzo, PLLC**  
38 New Street  
Huntington, New York 11743  
(631) 423-8527  
Alex E. Tsionis, Esq.

Hearing Date: October 30, 2025  
Hearing Time: 11:00 a.m.

*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
--------------------------------------------------------X  
In re:                                                                              Chapter 7

      68 BURNS NEW HOLDINGS, INC,                 Case No.: 24-45157-nhl

                                Debtor.  
--------------------------------------------------------X

## CHAPTER 7 TRUSTEE'S JOINDER TO CREDITOR'S OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

**TO:**    **THE HONORABLE NANCY HERSHEY LORD**  
           **UNITED STATES BANKRUPTCY JUDGE**

        David J. Doyaga, Sr., the Chapter 7 Trustee (the "Trustee") for the estate of 68 Burns New Holdings, Inc (the "Debtor"), by and through his counsel, Rosen, Tsionis & Pizzo, PLLC, respectfully submits this joinder to the opposition [ECF No. 52] (the "Opposition") of creditor Eric Goldfine as Trustee of his Self-Employed Retirement Plan and Trust, and respectfully states as follows:

        1.      The Trustee hereby joins, adopts, and relies upon the Opposition, and asserts that for all of the reasons set forth in the Opposition, as well as the additional reasons stated below, the Debtor's motion [ECF No. 44] (the "Motion") seeking reconsideration of the Court's Order [ECF No. 45] converting this case from Chapter 11 to Chapter 7 should be denied in its entirety.

        2.      The basis for the Debtor's Motion appears to be "newly discovered evidence" under Federal Rule of Civil Procedure 60(b), specifically what appears to be a recently obtained financing commitment letter (the "Commitment Letter"), which is annexed to the Motion as an

exhibit. The Commitment Letter is dated August 20, 2025; however, according to a minute entry entered on the Court's Docket on August 13, 2025, it appears that the Court had already orally ruled that the Debtor's Chapter 11 case was being converted to Chapter 7. As such, the Commitment Letter cannot qualify as "newly discovered" evidence, as it appears to have been created after the Court's ruling and did not exist at the time of the decision.

3. In addition, according to the Commitment Letter, the Debtor's proposed lender proposes to loan the sum of $1,100,000.00, subject to, among other conditions, an appraisal valuing the subject real property (the "Property") at not less than $2,500,000.00. The Trustee has moved to retain MYC & Associates, Inc. ("MYC") as his real estate broker. *See* ECF No. 62. Based upon MYC's informal valuation of the Property, MYC believes that the Property has an estimated value of approximately between $1,100,000.00 and $1,200,000.00. As such, given the estimated value of the Property, it is highly unlikely that this proposed lender will commit under the Commitment Letter, let alone extend credit at almost 100% loan-to-value on vacant land.

4. Finally, and most alarmingly, it appears that the Motion may have been generated by artificial intelligence. For example, the three cases cited by the Debtor, *In re Adelphia Commc'ns Corp.*, 367 B.R. 84, 92-93 (Bankr. S.D.N.Y. 2007), *In re Motors Liquidation Co.*, 590 B.R. 39, 57 (Bankr. S.D.N.Y. 2018), and *In re American Preferred Prescription, Inc.*, 266 B.R. 273, 278-79 (E.D.N.Y. 2000), appear to have nothing to do with moving for reconsideration. This raises serious concerns about the Motion's reliability and preparation.

5. First, the Debtor cites *In re Adelphia Commc'ns Corp.*, 367 B.R. 84, 92-93 (Bankr. S.D.N.Y. 2007) for the proposition that "granting relief under Rule 60(b) based on new evidence that shifted equitable considerations in a complex Chapter 11 case." Mtn. ¶ 2. However, the *Adelphia* case had nothing to do with reconsideration—it involved issues of equitable mootness.

6. The Debtor then cites *In re Motors Liquidation Co.*, 590 B.R. 39, 57 (Bankr. S.D.N.Y. 2018) for the proposition that courts apply reconsideration principles to orders not yet entered to prevent injustice due to evolving facts. Mtn. ¶ 2. The undersigned reviewed the pinpoint cited by the Debtor in this case and found no such holding.

7. Finally, the Debtor cites *In re American Preferred Prescription, Inc.*, 266 B.R. 273, 278-79 (E.D.N.Y. 2000) for the suggestion that a bankruptcy court has "discretion to reconsider a conversion order when circumstances changed, showing potential for rehabilitation." Mtn. ¶ 2. The undersigned also reviewed this pinpoint citation and was unable to locate the proposition that the Debtor is citing this case for.

8. The Trustee submits that the Debtor's Motion, likely generated by artificial intelligence as evidenced by its irrelevant case citations, lacks credibility and legal merit. This apparent use of artificial intelligence undermines the Motion's reliability, further supporting the denial of the Motion.

9. Based on the foregoing and all of the arguments set forth in the Opposition, the Trustee respectfully submits that the Opposition should be sustained and the Motion be denied.

Dated: October 23, 2025  
      Huntington, New York

Respectfully submitted,

**Rosen, Tsionis & Pizzo, PLLC**  
*Counsel to David J. Doyaga, Sr.,*  
*Chapter 7 Trustee*

By: */s/ Alex E. Tsionis*  
Alex E. Tsionis, Esq.  
38 New Street  
Huntington, New York 11743  
Tel: (631) 423-8527  
atsionis@ajrlawny.com