| | |
|---|---|
| **Rosen, Tsionis & Pizzo, PLLC**<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527<br>Alex E. Tsionis, Esq. | **Hearing Date: October 30, 2025**<br>**Hearing Time: 11:00 a.m.** |

*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 7

      68 BURNS NEW HOLDINGS, INC,                Case No.: 24-45157-nhl

                           Debtor.
-------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S JOINDER TO CREDITOR'S OPPOSITION TO DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN CREDIT

**TO:    THE HONORABLE NANCY HERSHEY LORD**
          **UNITED STATES BANKRUPTCY JUDGE**

        David J. Doyaga, Sr., the Chapter 7 Trustee (the "Trustee") for the estate of 68 Burns New Holdings, Inc (the "Debtor"), by and through his counsel, Rosen, Tsionis & Pizzo, PLLC, respectfully submits this joinder to the opposition [ECF No. 53] (the "Opposition") of creditor Eric Goldfine as Trustee of his Self-Employed Retirement Plan and Trust, and respectfully states as follows:

        1.     The Trustee hereby joins, adopts, and relies upon the Opposition, and asserts that for all of the reasons set forth in the Opposition, as well as the additional reasons stated below, the Debtor's motion for authority to obtain credit [ECF No. 46] (the "Motion") should be denied in its entirety.

        2.     As a threshold matter, the Debtor lacked standing to bring the Motion. On August 22, 2025, the Court entered an Order [ECF No. 45] (the "Conversion Order") converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. Following the entry

of the Conversion Order, the Debtor filed the Motion. On the same day (August 22, 2025), the Office of the United States Trustee appointed David J. Doyaga, Sr. as the Chapter 7 Trustee for the Debtor's estate. Upon entry of the Conversion Order, the Debtor ceased to be a debtor in possession and lost standing to file the Motion.

3. There is a further reason to deny the Motion—the proposed financing does not appear to be feasible. The financing commitment letter (the "Commitment Letter") attached to the Motion conditions the proposed $1,100,000.00 upon, among other requirements, an appraisal valuing the subject real property (the "Property") at not less than $2,500,000.00. The Trustee has moved to retain MYC & Associates, Inc. ("MYC") as his real estate broker. *See* ECF No. 62. Based upon MYC's informal valuation of the Property, MYC believes that the Property has an estimated value of approximately between $1,100,000.00 and $1,200,000.00. This estimated valuation is less than half the required appraisal amount. Therefore, the proposed financing likely cannot satisfy the Commitment Letter's conditions. Moreover, it is unlikely that any reasonable lender would extend credit at approximately 100% loan-to-value on vacant land.

4. Based on the foregoing and all of the arguments set forth in the Opposition, the Trustee respectfully submits that the Opposition should be sustained and the Motion be denied.

Dated: October 23, 2025  
      Huntington, New York

Respectfully submitted,

**Rosen, Tsionis & Pizzo, PLLC**  
*Counsel to David J. Doyaga, Sr.,*  
*Chapter 7 Trustee*

By:  */s/ Alex E. Tsionis*  
Alex E. Tsionis, Esq.  
38 New Street  
Huntington, New York 11743  
Tel: (631) 423-8527  
atsionis@ajrlawny.com