UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:                                                    Chapter 7

68 Burns New Holdings, Inc.                               Case No.: 24-45157-NHL

                        Debtor.

----------------------------------------------------------x

## ORDER DENYING EMERGENCY MOTION BY GIDEON RAVIV

WHEREAS, on December 10, 2024, 68 Burns New Holdings, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code; and

WHEREAS, on May 5, 2025, Eric Goldfine as Trustee of the Eric Goldfine Self Employment Retirement Plan and Trust (the "Secured Creditor") filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) or, alternatively, for dismissal of the case or conversion to chapter 7 pursuant to 11 U.S.C. § 1112(b) (the "Secured Creditor's Motion"); and

WHEREAS, on June 24, 2025, the Court held a hearing on the Secured Creditor's Motion, at which Julio E. Portilla, Esq. (Counsel to Debtor), Gideon Raviv (Debtor's Principal), Nazar Khodorovsky, Esq. (Office of the United States Trustee), and Richard DuVall, Esq. (Counsel to the Secured Creditor) appeared, and the Court determined to convert the case to chapter 7 and to adjourn the Secured Creditor's Motion to the extent it sought relief from the automatic stay; and

WHEREAS, on July 10, 2025, the Debtor, by Mr. Raviv, filed a motion to continue the hearing on the Secured Creditor's Moton and requesting an extension of time to allow the Debtor to retain new counsel (the "Motion to Continue"); and

WHEREAS, on July 17, 2025, the Secured Creditor filed opposition to the Motion to Continue; and

1

WHEREAS, on July 18, 2025, the Debtor, by Mr. Raviv, filed another motion seeking, among other things, to defer the ruling on the Secured Creditor's Motion until the Debtor retains new counsel (the "Second Motion to Continue"); and

WHEREAS, a hearing was held on August 13, 2025, at which Julio E. Portilla, Esq. (Counsel to Debtor), Gideon Raviv (Debtor's Principal), Shannon Ann Scott, Esq. (Office of the United States Trustee), and Richard DuVall, Esq. (Counsel to the Secured Creditor) appeared; and

WHEREAS, on August 21, 2025, the Court issued the order converting the case from chapter 11 to chapter 7 (the "Conversion Order"); and

WHEREAS, on August 21, 2025, the Debtor filed a motion for reconsideration of the Conversion Order (the "Motion to Reconsider"); and

WHEREAS, on August 22, 2025, the Debtor filed a motion for authority to obtain credit under 11 U.S.C. § 364 (the "Motion to Obtain Credit"); and

WHEREAS, on September 2, 2025, the Secured Creditor filed opposition to the Motion to Reconsider and the Motion to Obtain Credit; and

WHEREAS, a hearing on the Motion to Obtain Credit and the Motion to Reconsider was held on September 4, 2025, at which Julio E. Portilla, Esq. (Counsel to Debtor), and Richard DuVall, Esq. (Counsel to the Secured Creditor) appeared; and

WHEREAS, on October 23, 2025, David Doyaga, Esq., the chapter 7 trustee (the "Trustee") filed joinders to the Secured Creditor's opposition to the Motion to Reconsider and to the Motion to Obtain Credit; and

WHEREAS, on October 29, 2025, Mr. Raviv filed a motion to reinstate the chapter 11 case and to vacate the Conversion Order (the "Motion to Vacate"); and

WHEREAS, a hearing on the Motion to Obtain Credit and the Motion to Reconsider was held on October 30, 2025, at which Julio E. Portilla, Esq. (Counsel to Debtor), Gideon

Raviv (Debtor's Principal), Richard DuVall, Esq. (Counsel to the Secured Creditor), and Alex Tsionis, Esq. (Counsel to Trustee) appeared; and

WHEREAS, on November 26, 2025, the Court issued an order denying the Motion to Obtain Credit and an order denying the Motion to Reconsider; and

WHEREAS, on December 15, 2025, Mr. Raviv filed an emergency motion (the "Emergency Motion") for continuation and enforcement of the automatic stay, seeking a period of 90 days to finalize secured financing to pay all creditors in full, and seeking to temporarily restrain the Trustee from conducting or scheduling a sale or auction of the real property located at 710 Route 9, Hyde Park, NY (the "Property"); and

WHEREAS, the automatic stay under Section 362(a) is in place and has not been vacated or modified; and

WHEREAS, the Trustee has not scheduled a sale or auction of the Property; and

WHEREAS, there is no basis to restrain the Trustee from fulfilling the duties set forth in Section 704;

NOW, THEREFORE, it is

ORDERED, that the Emergency Motion is denied; and it is further

ORDERED, that the Clerk's Office shall serve this order on Gideon Raviv, 70-25 Yellowstone Blvd., Apt 3D, Forest Hills, NY 11375.



Dated: January 11, 2026
    Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge

3