**Rosen, Tsionis & Pizzo, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Alex E. Tsionis, Esq.

*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                                    Chapter 7

68 BURNS NEW HOLDINGS, INC,                           Case No.: 24-45157-jmm

                                    Debtor.
--------------------------------------------------------X

**APPLICATION FOR AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS THAT AROSE EITHER: (I) BETWEEN DECEMBER 10, 2024 THROUGH AND INCLUDING AUGUST 21, 2025; OR (II) PURSUANT TO 11 U.S.C. § 503(b)(9), AND APPROVING FORM, MANNER OF NOTICE AND PROCEDURES THEREOF**

**TO:    THE HONORABLE JIL MAZER-MARINO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

David J. Doyaga, Sr., the Chapter 7 Trustee (the "Trustee") of the estate of 68 Burns New Holdings, Inc (the "Debtor"), by and through his attorneys, Rosen, Tsionis & Pizzo, PLLC, seeks entry of an Order pursuant to Section 501 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) establishing May 22, 2026 as the deadline (the "Chapter 11 Bar Date") by which all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert Chapter 11 administrative expense claims against the Debtor which arose from December 10, 2024 through and including August 21, 2025 (inclusive of such dates) must file proofs of such Chapter 11 administrative expense claims (the "Chapter 11 Administrative Claims" and each a "Chapter 11 Administrative Claim"); (ii) requiring all persons or entities (including, without limitation, individuals, partnerships, corporations, joint

ventures, and trusts) who assert administrative expense claims for goods delivered to the Debtor in the ordinary course of the Debtor's business within twenty (20) days prior to the commencement of the Debtor's case pursuant to Section 503(b)(9) of the Bankruptcy Code to file proof of such claims by the Chapter 11 Bar Date; (iii) approving the form and manner of notice of the Chapter 11 Bar Date and procedures for filing proofs of Chapter 11 Administrative Claims against the Debtor's estate; and (iv) granting such other and further relief as is just and proper. In support of the Application, the Trustee respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The statutory predicates for the relief requested herein include Sections 501, 503, and 507 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 3003(c)(3).

## BACKGROUND

4.      On December 10, 2024 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

5.      On August 22, 2025, the Court entered an Order dated August 21, 2025 (the "Conversion Date") converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. *See* ECF No. 45.

6.      On August 22, 2025, the United States Trustee for Region 2 appointed David J. Doyaga, Sr., as interim Chapter 7 trustee. *See* ECF No. 49. Following a duly convened meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code, David J. Doyaga, Sr. became the permanent Chapter 7 trustee for the Debtor's bankruptcy estate.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

7.      By this Application, the Trustee requests that the Court enter an Order, substantially in the form of the proposed Order annexed hereto: (a) establishing the Chapter 11 Bar Date; and (b) approving the form and manner of notice of the Chapter 11 Bar Date and procedures for filing proofs of Chapter 11 Administrative Claims against the Debtor's estate.

8.      Claims for administrative expenses are specifically described in Sections 503 and 507 of the Bankruptcy Code and include, without limitation, claims for:

      a.      the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case;

      b.      certain taxes and penalties related thereto;

      c.      compensation and reimbursement of certain professionals or officers;

      d.      the actual, necessary expenses incurred by:

          i.      certain creditors,

          ii.      a creditor, an indenture trustee, equity security holders, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case,

          iii.      a custodian,

          iv.      members of certain committees if incurred in the performance of the duties of such committees;

          v.      compensation for services rendered by an indenture trustee; and

      e.      the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

*See* 11 U.S.C. §§ 503, 507.

**A.      Establishment of the Chapter 11 Bar Date**

9.      In order for the Trustee to administer the Debtor's estate, it is critical that the Trustee know the universe of Chapter 11 administrative claims. Subject to the exceptions listed in

3

paragraph 10 below, the Trustee proposes that all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor which arose either: (a) from the Filing Date (December 10, 2024) through and including the Conversion Date (August 21, 2025); or (b) from the delivery of goods to the Debtor in the ordinary course of the Debtor's business within twenty (20) days prior to the Filing Date (December 10, 2024) pursuant to Section 503(b)(9) of the Bankruptcy Code must file proofs of Chapter 11 Administrative Claims by the Chapter 11 Bar Date.

10.     The Trustee proposes that proofs of Chapter 11 Administrative Claims need not be filed on or prior to the Chapter 11 Bar Date for the following types of claims:

a.     any proof of a Chapter 11 Administrative Claim that has already been filed against the Debtor as a Chapter 11 Administrative Claim in this case with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form 410 or the form annexed as **Exhibit "A"** with respect to such filed Chapter 11 Administrative Claim;

b.     any Chapter 11 Administrative Claim that previously has been allowed by order of the Court;

c.     any Chapter 11 Administrative Claim that has been paid in full;

d.     any Chapter 11 Administrative Claim for which a different deadline has previously been fixed by the Court;

e.     any Chapter 11 Administrative Claim of any professional who has already filed a final fee application in the Debtor's case;

f.     any special charges or fees of the Clerk of the Court; and/or

g.     any administrative expense claim asserted by the United States Trustee under Section 1930(a)(6) of title 28, United States Code.

11.     The Trustee further proposes that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease entered into on or after the Filing Date, as to which the order authorizing such rejection is dated on or before the date of entry of the

Order establishing the Chapter 11 Bar Date, must file a proof of claim based on such rejection on or before the Chapter 11 Bar Date.

**B.      Procedures for Providing Notice of the Chapter 11 Bar Date and Filing Proofs of Chapter 11 Administrative Claims**

12.      The Trustee proposes to serve a notice of the Chapter 11 Bar Date, substantially in the form annexed as **Exhibit "B"** ("Bar Date Notice"). The Bar Date Notice states, among other things, that proofs of Chapter 11 Administrative Claims must be filed with the Clerk of the Court on or before the Chapter 11 Bar Date and that failure to properly and timely file a proof of claim could result in the claim being disallowed. *See Id.*

13.      The Trustee proposes to serve the Bar Date Notice at least thirty-five (35) days prior to the Chapter 11 Bar Date by first class mail to:

        a.      the United States Trustee;

        b.      all persons or entities that have requested notice in this case;

        c.      all professionals employed by the Debtor by Order of the Court;

        d.      all persons or entities that have filed claims against the Debtor's estate;

        e.      all creditors or other known holders of claims, including all persons or entities listed in the Debtor's schedules (and any amended schedules) as holding claims;

        f.      all parties to executory contracts and unexpired leases of the Debtor (if any);

        g.      all known parties to litigation with the Debtor (if any);

        h.      the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Clerk); and

        i.      such additional persons and entities as deemed appropriate by the Trustee.

14.      The Trustee submits that notice of the Chapter 11 Bar Date in the form and manner proposed by the Trustee is fair and reasonable and will provide good, sufficient, and due notice to

5

all creditors and parties in interest of their rights and obligations in connection with Chapter 11

Administrative Claims they may assert against the Debtor's estate.

15.    The Trustee proposes that the following procedures shall govern the filing of proofs

of Chapter 11 Administrative Claims:

a.    proofs of Chapter 11 Administrative Claims must conform substantially to the form annexed as **Exhibit "A"**;

b.    attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of Chapter 11 Administrative Claims electronically through CM/ECF. Those without accounts to the CM/ECF system may file their proofs of Chapter 11 Administrative Claims:

    i.    by mailing or delivering the original proof of Chapter 11 Administrative Claim to the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800;

    ii.    electronically at: https://www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc by selecting "File Proof of Claim (ePOC)." This application does not require a login and password;

c.    proofs of Chapter 11 Administrative Claims will be deemed filed only when <u>received</u> by the Clerk of the Court on or before the Chapter 11 Bar Date; and

d.    proofs of Chapter 11 Administrative Claims must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

16.    The proposed Order expressly provides that entry of the Order is without prejudice

to the right to dispute, or assert offsets or defenses against, any proof of Chapter 11 Administrative

Claim that is filed as to nature, amount, liability, classification or otherwise. *See* proposed Order

annexed hereto.

6

**C.**     **Effect of Failure to File Proofs of Chapter 11 Administrative Claims**

17.     The Trustee proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any holder of an asserted Chapter 11 Administrative Claim that fails to timely file a proof of claim in appropriate form on or before the Chapter 11 Bar Date shall not be treated as a creditor with respect to such claim for the purposes of any distributions from the Debtor's estate.

**NO PRIOR REQUEST**

18.     No prior request for the relief sought in this Application has been made by the Trustee to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form of the proposed Order annexed hereto: (i) establishing May 22, 2026 as the Chapter 11 Bar Date in this case; (ii) approving the form and manner of service of the Chapter 11 Bar Date and procedures for filing proofs of Chapter 11 Administrative Claims against the Debtor's estate; and (iii) granting such other and further relief as the Court may deem proper.

Dated: April 3, 2026                                    Respectfully submitted,
       Huntington, New York

                                                        **Rosen, Tsionis & Pizzo, PLLC**
                                                        *Counsel to David J. Doyaga, Sr.,*
                                                        *Chapter 7 Trustee*

                                               By:      */s/ Alex E. Tsionis*
                                                        Alex E. Tsionis, Esq.
                                                        38 New Street
                                                        Huntington, New York 11743
                                                        Tel: (631) 423-8527
                                                        atsionis@ajrlawny.com