UNITED STATES BANKRUPTCY COURT          **HEARING DATE & TIME**
EASTERN DISTRICT OF NEW YORK             **May 27, 2026 at 11:30 a.m.**

-------------------------------------------------------

68 BURNS NEW HOLDINGS, INC.,             Chapter 7

                                         Case No.: 24-45157-jmm

                         Debtor.

-------------------------------------------------------

**AFFIDAVIT IN OPPOSITION TO NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY, DISMISSAL OR CONVERSION**

I, the undersigned Debtor, being duly sworn, hereby state under penalty of perjury as follows:

1. On May 13, 2026, Richard R. DuVall, Esq. submitted a "Notice of Motion for Relief from Automatic Stay, Dismissal or Conversion Pursuant to 11 U.S.C. § 362(d)(2) and (d)(3) and/or 11 U.S.C. § 1112(b)."

2. Said motion and request must be denied and deemed void for the reasons set forth below.

3. There is only one secured party in this case, namely:

**"The Eric Goldfine Self Employed Retirement Plan and Trust."**

4. The above-named secured creditor appears in Exhibit "A," filed in this Court on December 10, 2024, and the identity of said secured creditor has never been disputed by the secured creditor or any party.

5. However, in the Notice dated May 13, 2026, Richard R. DuVall, Esq. submitted the motion on behalf of: **"Eric Goldfine as Trustee of His Self-Employed Retirement Plan and Trust."** See Exhibit "B."

6. At no time was "Eric Goldfine as Trustee of His Self-Employed Retirement Plan and Trust" named as a party in any lawsuit involving the Debtor, nor was such entity

1

identified by the Debtor as a creditor.

7.  The only secured creditor identified by the Debtor was the name appearing in the official court filings, including Section 3, Part 1, "Debts Secured by Property," as reflected in Exhibit "A."

8.  Richard R. DuVall, Esq., nor the secured creditor, ever disputed or requested any correction or modification of the secured creditor's name as shown in Exhibit "A."

9.  Furthermore, there can be no legitimate argument that this Honorable Court should recognize any secured creditor name other than the exact name appearing in the official Judgment signed by Hon. Judge Davis on October 28, 2024, attached hereto as Exhibit "C."

10. At no time did the secured creditor request a lawful amendment or change to the caption or the identity of the judgment creditor.

11. Accordingly, the secured creditor should be prohibited from changing or altering the creditor's name and must remain identified exactly as stated in the New York Supreme Court Judgment.

12. The requests submitted by Richard R. DuVall, Esq. appear calculated to mislead and deceive the Court by attempting to alter the identity of the secured creditor through the addition of words intended to create a legal status not reflected in the Judgment.

13. No lawful authority has been presented permitting Richard R. DuVall, Esq. to modify or expand the identity of the entitled party beyond the name stated in the Judgment issued by Hon. Judge Davis.

14. Therefore, the Court is respectfully requested to deny and cancel any legal remedy sought under a name that does not precisely correspond to the original judgment creditor without alteration or modification.

15. For example, in the "Amended Notice of Motion for Relief from Automatic Stay" dated  May 6, 2025, Richard R. DuVall, Esq. stated in the third line: **"Eric Goldfine as Trustee of the Eric Goldfine Self Employment Retirement Plan and Trust." (See Exhibit "D")**

16. However, at the conclusion of that same motion, he used a different version of the name without the words "Eric Goldfine as Trustee."

17. Again, in the motion dated May 13, 2026, attached as Exhibit "B" Richard R. DuVall, Esq. used the altered designation: **"Eric Goldfine as Trustee of His Self Employed Retirement Plan and Trust."**

18. Such entity is not identified in the Judgment, was never a named party before this Court, and was never a party to the New York State Supreme Court Judgment.

19. An experienced attorney such as Mr. DuVall should know that altering the legal identity of a party without leave of court or lawful amendment is improper and misleading, especially where his filing does not match the name appearing in the Judgment.

20. Further evidence appears in the Notice of Entry filed by Richard R. DuVall, Esq. on  October 28, 2024, regarding the Judgment of the secured party, where he identified the secured creditor as: **"Eric Goldfine Self Employed Retirement Plan and Trust,"** which is the correct and controlling name. See Exhibit "E."

21. Exhibit "F" contains the record of Judge Davis's decision dated October 23,

2024, showing a name different from the one used in the application scheduled for hearing on May 27, 2026.

22. Exhibit "G," filed by Richard R. DuVall approximately four months ago before Hon. Judge Davis, also reflects the original name contained in the Statement of Claim and Judgment, which does not match the altered name now presented in the May 13, 2026 application.

23. Exhibit "H" consists of the appeal pending before the Appellate Division, Second Department, concerning the October 2024 Judgment issued by Hon. Judge Davis. Again, the secured party's name differs from the altered designation currently advanced by Richard R. DuVall, Esq.

24. The proper and lawful secured creditor name is the name reflected in the Judgment and official court filings, and not: **"Eric Goldfine as Trustee of His Self Employed Retirement Plan and Trust."**

25. Therefore, the request for relief filed under a name different from the actual judgment holder is improper, misleading, and legally defective.

26. The Court should deny the motion in its entirety and consider appropriate sanctions and costs, as the Court should not be required to expend judicial resources investigating inconsistencies knowingly created by counsel.

27. Attorneys are obligated to present truthful and accurate facts to the Court. Before attempting to alter the identity of a judgment creditor, counsel must first obtain lawful authorization and formally request such amendment.

28. Accordingly, the conduct described herein improperly attempts to mislead the

4

Court and the parties and should not be permitted.

29. I have provided to the Court a demonstration of the manipulated variations of different names that the secured party Eric Goldfine's attorney, Richard R. DuVall, Esq., has used and continues to use in the captions.

30. Specifically, counsel is using two (2) different names in this case:

- **(A)** "Eric Goldfine as Trustee of His Self-Employed Retirement Plan and Trust."

- **(B)** "Eric Goldfine as Trustee of the Eric Goldfine Self Employment Retirement Plan and Trust."

31. None of these names match the name used and currently being used in the New York State Supreme Court, which is: **"Eric Goldfine Self Employed Retirement Plan and Trust."**

32. In total, counsel has used three (3) different names for the same purported entity.

33. Therefore, this Court should order that no change to the caption of the secured party be accepted, and that the Court recognize exclusively the exact name as it appears on the New York State Supreme Court Judgment, which is: **"Eric Goldfine Self Employed Retirement Plan and Trust."**

34. Furthermore, the Court is respectfully requested to return 68 Burns New Holdings, Inc. to Chapter 11 from Chapter 7, pursuant to Rule 706(b), as I am currently in active discussions with lenders and potential partners, and require an additional thirty (30) days to finalize one of two viable options to restructure or resolve this matter.

35. As previously detailed to this Court, on May 7, 2026, I submitted a letter from my physician confirming that I was medically unable to speak or work; this medical incapacitation temporarily prevented me from working toward finalizing a solution,

which underscores the necessity for the requested thirty (30) day extension.

WHEREFORE, the Debtor respectfully requests that this Honorable Court:

a. Deny the motion dated May 13, 2026 in its entirety;

b. Strike or void all filings submitted under an improperly altered creditor name;

c. Award such further relief as the Court deems just and proper.

Respectfully submitted,

Gideon Raviv, Pres.
68 Burns New Holdings, Inc.
(Debtor/Creditor)
70-25 Yellowstone Blvd.
Forest Hills, NY 11375
(718) 268-6928

Sworn to before me this 26th
day of May, 2026

Amanda Chiang
Notary Public, State of New York
Reg. No. 01CH0024618
Qualified in Queens County
Commission Expires 05/13/2028

Notary Public

Cc:    Rosen, Tsionis & Pizzo, PLLC
       Alex E. Tsionis, Esq.
       Counsel for David J. Doyaga, Sr., Chapter 7 Trustee
       38 New Street,
       Huntington, New York 11743
       E; atsionis@ajrlawny.com

       Richard R. DuVall, Esq.
       319 Mill Street
       Poughkeepsie, New York. 12601
       Phone; 845 452 4000
       E; rduvall@mackeylawyers.com

6

# Exhibit "A"

## Section 3 - Debts

List below all debts that the business owes, or that creditors claim that the business owes. Attach additional sheets if necessary.

### Part 1. Debts Secured by Property

Please list below all debts that you owe or that creditors claim you owe that are secured by property. If a creditor has more than one secured claim, list the creditor separately for each claim.

| Type of Debt | Creditor Information | Claim Information | Description of Property and Lien | Is Anyone Else Liable on this Claim | Office Use Only *Notes* |
|---|---|---|---|---|---|
| Mortgage | 1. Creditor's name and mailing address: *THE ERIC GOLDFINE SELF-EMPLOYMENT RETIREMENT AND PLAN AND TRUST.* <br><br>2. Creditor's email address (*if known*): <br><br> ☐ Creditor is an insider or related party | 1. Amount owed: $769,504.26 <br><br>2. Account number: <br><br>Date debt was incurred: <br><br> ☐ Debtor disputes the debt | 1. Description of property subject to lien: <br><br>2. Value of property: <br><br> ☐ Multiple creditors have a lien against this property | ☒ No <br> ☐ Yes <br><br>If yes, please provide name and address: | |
| Mortgage | 1. Creditor's name and mailing address: *ONLY ONE MORTGAGE.* <br><br>2. Creditor's email address (*if known*): <br><br> ☐ Creditor is an insider or related party | 1. Amount owed: <br><br>2. Account number: <br><br>Date debt was incurred: <br><br> ☐ Debtor disputes the debt | 1. Description of property subject to lien: <br><br>2. Value of property: <br><br> ☐ Multiple creditors have a lien against this property | ☒ No <br> ☐ Yes <br><br>If yes, please provide name and address: | |
| Car/Vehicle Loan | 1. Creditor's name and mailing address: <br><br>2. Creditor's email address (*if known*): <br><br> ☐ Creditor is an insider or related party | 1. Amount owed: <br><br>2. Account number: <br><br>Date debt was incurred: <br><br> ☐ Debtor disputes the debt | 1. Description of property subject to lien: <br><br>2. Value of property: <br><br> ☐ Multiple creditors have a lien against this property | ☒ No <br> ☐ Yes <br><br>If yes, please provide name and address: | |

Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

# Exhibit "B"

Richard R. DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mackeylawyers.com

**HEARING DATE & TIME:**
**May 27, 2026 at 11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re: 68 Burns New Holdings, Inc.

Chapter 7
Case No. 24-45157-jmm

                                  Debtor.
--------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY, DISMISSSAL OR CONVERSION PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b)

**PLEASE TAKE NOTICE,** that a hearing shall be held on May 27, 2026, at 11:30 a.m. on the Motion for Relief from Automatic Stay, Dismissal or Conversion Pursuant to 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b) [ECF No. 18] filed by Creditor, Eric Goldfine as Trustee of his Self-Employed Retirement Plan And Trust ("SERPT"). The hearing shall be held before the Honorable Jil Mazer-Marino, Chief United States Bankruptcy Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE,** that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the

"B"

hearing.    Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

Dated: May 13, 2026
      Poughkeepsie, New York

                          Respectfully submitted,

                          **Eric Goldfine as Trustee of his Self-Employed Retirement Plan and Trust**
                          **By its Attorneys Mackey Catania & Whalen LLP**

                          By: _____
                          Richard R. DuVall, Esq.
                          319 Mill Street
                          Poughkeepsie, NY 12601
                          P: 845-452-4000
                          rduvall@mackeylawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
       Julio E. Portilla
       *Counsel for Debtor*
       380 Lexington Ave.
       Suite 446
       New York, NY 10168

       68 Burns New Holdings, Inc
       70-25 Yellowstone Blvd Ste 3D
       Forest Hills, NY 11375-3166

       Gideon Raviv
       70-25 Yellowstone Blvd
       Forest Hills, NY 11375-3164

       Rosen, Tsionis & Pizzo, PLLC
       Alex E. Tsionis, Esq.
       *Counsel for David J. Doyaga, Sr., Chapter 7 Trustee*
       38 New Street
       Huntington, New York 11743

# Exhibit "C"

INDEX NO. 2020-50591

NYSCEF DOC. NO. 323                                                    RECEIVED NYSCEF: 10/25/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------- X

ERIC GOLDFINE SELF EMPLOYED
RETIREMENT PLAN AND TRUST,

                      Plaintiff,

      - against -

68 BURNS NEW HOLDINGS, INC., ~~GIDEON RAVIV~~,
PEOPLE OF THE STATE OF NEW YORK BY THE NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, JANE DOE and JOHN DOE,

                    Defendants.

------------------------------------------------- X

· 68 BURNS NEW HOLDINGS, INC.

              Third-Party Plaintiff,

      - against -

334 CORP.,

            Third-Party Defendant.

------------------------------------------------- X

**JUDGMENT OF
FORECLOSURE
AND SALE**

Index No.: 2020-50591

Assigned Judge:
Hon. Thomas R.
Davis, J.S.C.

J.S.C.

      UPON the Summon, Verified Complaint, and Notice of Pendency of Action duly filed in this action on February 13, 2020, re-filed January 26, 2024 (NYSCEF #247); and

      UPON this Court having granted Plaintiff's motion for summary judgment (NYSCEF # 191, and Samuel Philip Brooke Esq having been appointed Referee to Compute Dutchess on June 12, 2023 (NYSCEF # 197); and further

      UPON the Order of Reference having been duly made as aforesaid, to compute the amount due to the Plaintiff upon the Note and Mortgage set forth in the Verified Complaint, including attorney's fees, and to examine and report whether the mortgaged premises can be sold in parcels, and to take proof of the facts and circumstances stated in the Verified Complaint and to examine the Plaintiff as to any payments which were made on the mortgage indebtedness, and the said report having been made; and further

INDEX NO. 2020-50591

NYSCEF DOC. NO. 323

RECEIVED NYSCEF: 10/25/2024

UPON reading and filing the report of Samuel Brooke, Esq. the Referee named in said Order,

by which report, dated August 8, 2024, it appears that the sum of $769,504.$\overset{26}{24}$, including attorneys fees

as directed by said Order of Reference, was due thereon as of August 1, 2024; and that the mortgaged

premises should be sold in one parcel and the facts and circumstances stated in said Verified

Complaint are true and that no payments were made to the Plaintiff or to any person for its use which

have not been credited on account of the obligation mentioned in the Verified Complaint; and further

NOW, ON MOTION OF MACKEY, BUTTS & WHALEN LLP, attorneys for the Plaintiff, it

is hereby

ORDERED, ADJUDGED AND DECREED that the said report of the said Referee, be, and the

same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the

Verified Complaint in this action and as hereinafter described, or such part thereof as may be sufficient

to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the

Real Property Actions and Proceedings Law be sold at public auction*at the rear lobby of the Dutchess

*within 90 days

County Courthouse, 10 Market Street, in the City of Poughkeepsie, County of Dutchess, State of New

York, by and under the direction of Samuel Philip Brooke, Esq., who is hereby appointed Referee for

that purpose; that the said Referee give public notice of the time and place of such sale according to

law and the practice of this Court in the Poughkeepsie Journal;

That the Plaintiff or any other parties to this action may become the purchaser at such sale; that

in case the Plaintiff shall become the purchaser at the same sale, it shall not be required to make any

deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the

premises sold; that the said Referee deposit the balance of said proceeds in the Referee's own name as

Referee in his/her IOLA attorney trust account and shall thereafter make the following payments and

the Referee's checks drawn for that purpose shall be paid by the said depository:

Page 2 of 8

INDEX NO. 2020-50591

NYSCEF DOC. NO. 323

RECEIVED NYSCEF: 10/25/2024

FIRST: The statutory fees of said Referee for the Referee's hearing and Report on Computation are hereby fixed at $___10,000___, and the Referee's fees to sell pursuant to this judgment are hereby fixed at $_750.00_.

SECOND: The expense of the sale, including real property taxes, assessments or water rates which shall be liens on the premises at the time of the auction, but not including transfer stamps or recording fees, which shall be borne by the purchaser, and the advertising expenses as shown on the bills presented and certified by said Referee to be correct duplicate copies of which shall be filed with the said Referee's Report of Sale herein.

THIRD: Said Referee shall also pay to the Plaintiff or its attorneys the sum of $_1859.36_ adjudged to the Plaintiff for costs and disbursements in this action, as taxed by the Clerk, with interest thereon from the date hereof, together with an additional allowance of $300.00 hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof; and also $769,504.26, the said amount so reported due as aforesaid, together with legal interest thereon from August 1, 2024, or so much thereof as the purchase money of the mortgaged premises will pay of the same, plus such expenditures for taxes, insurance and the like which Plaintiff shall have made since August 1, 2024, for which Plaintiff shall have provided the Referee to sell with proof,

FOURTH: If such Referee intends to apply for further allowance for his fees, he may leave upon deposit such amount as will cover such additional allowance to await the further Order of the Court thereon after application duly made.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a Deed or Deeds of the premises sold upon the payment to said

J.S.C.

Page 3 of 8

INDEX NO. 2020-50591

NYSCEF DOC. NO. 323

RECEIVED NYSCEF: 10/25/2024

Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the Plaintiff. for Referee's fees and advertising expenses, shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above in item marked "THIRD"; that if after applying the balance of the amount due to the Plaintiff, the Plaintiff shall pay, to said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from Plaintiff shall then deposit the balance.

That, said Referee take the receipt of the Plaintiff or Plaintiff's attorneys for the amounts paid as hereinbefore directed in item marked "THIRD" and file it with his Report of Sale; that he deposit the surplus monies, if any, with the Dutchess County Commissioner of Finance within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of the Court, signed by a Judge of the Court;

That the said Referee make his report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made and file it with the Clerk of the County of Dutchess within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs aforesaid, the Plaintiff recover from Defendant 68 Burns New Holdings Inc., the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an Order of this Court as provided for in said Section; and it is further

ORDERED, that the purchaser or purchasers at said sale be let into possession on production of

Page 4 of 8

INDEX NO. 2020-50591

NYSCEF DOC. NO. 323

RECEIVED NYSCEF: 10/25/2024

the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED, AND DECREED, that Defendant and all persons claiming under them or any of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof.

FOLLOWING is a description of the said mortgaged premises hereinbefore mentioned: SEE SCHEDULE "A" ANNEXED HERETO.

SUBJECT to all liens, encumbrances, covenants and restrictions of record which are entitled to priority over the mortgaged premises foreclosed hereby. if any; and subject to the right of the United States of America to redeem pursuant to 28 USC § 2410(c).

AND IT IS FURTHER,

~~ENTER:~~

~~HON. THOMAS R. DAVIS, J.S.C.~~

J.S.C.

MACKEY, BUTTS & WHALEN LLP
Attorneys for Plaintiff
Office and P.O. Address
319 Mill Street
Poughkeepsie, NY 12601
(845) 486-6800

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

Page 5 of 8

# Exhibit "D"



Richard DuVall, Esq.
Attorneys for Eric Goldfine, as Trustee
of the Eric Goldfine Self-Employed Retirement Plan and Trust
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
E: rduvall@mbwlawyers.com

**HEARING DATE & TIME:**
**June 24, 2025 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re: 68 Burns New Holdings, Inc.

Chapter 11
Case No. 24-45157-NHL

Debtor.

------------------------------------------------------------------x

### AMENDED NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY, DISMISSSAL OR CONVERSION PURSUANT TO 11 U.S.C. § 362(d)(2) and (d)(3), and/or 11 U.S.C. § 1112(b)

PLEASE TAKE NOTICE, that upon the annexed Affirmation of RICHARD DuVALL, ESQ., dated May 5 ,2025, the exhibits attached hereto and referenced herein and the accompanying Memorandum of Law, Eric Goldfine as Trustee of the Eric Goldfine Self Employment Retirement Plan and Trust will move this court on the 24ᵗʰ day of June, 2025 at 9:30 o'clock in the forenoon of that, or as soon thereafter as counsel may be heard, for an Order, pursuant to 11 U.S.C. § 362(d)(2) and (d)(3) of the Bankruptcy Code, lifting the automatic stay to permit movant to continue to conclusion of its mortgage foreclosure action pending in the Supreme Court of the State of New York, Dutchess County and/or pursuant to 11 U.S.C. § 1112(b) dismissing this case for cause;

PLEASE TAKE FURTHER NOTICE, that the hearing will be held remotely via Webex before the Hon. Nancy Hershey Lord in her Courtroom at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

4920-5941-6895, v. 1

"D"



PLEASE TAKE FURTHER NOTICE that all participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances. eCourt Appearances registration is required by both attorneys and non-attorney participants and can be accessed through the Bankruptcy Court website at https://ecf.nyeb.uscourts.gov/cgibin/nyebAppearances.pl

PLEASE TAKE FURTHER NOTICE that those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1, opposing affidavits and answering memoranda, if any, shall be served on the undersigned so as to ensure actual receipt no later than seven (7) days before the return date.

Dated: May 6, 2025
Poughkeepsie, New York

Eric Goldfine Self-Employed Retirement Plan and Trust
By its Attorneys Mackey Butts & Whalen

By: _____
Richard DuVall, Esq.
319 Mill Street
Poughkeepsie, NY 12601
P: 845-452-4000
F: 845-454-4966
rduvall@mbwlawyers.com

TO:    Law Office of Julio E. Portilla, P.C.
       Julio E. Portilla
       *Counsel for Debtor*
       380 Lexington Ave.
       Suite 446
       New York, NY 10168
       (212) 365-0292
       F: (212) 365-4417
       E: jp@julioportillalaw.com

4920-5941-8895, v. 1

# Exhibit "E"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------------X
ERIC GOLDFINE SELF EMPLOYED
RETIREMENT PLAN AND TRUST,

                       Plaintiff,

          - against -

68 BURNS NEW HOLDINGS, INC., GIDEON RAVIV,
PEOPLE OF THE STATE OF NEW YORK BY THE NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, JANE DOE and JOHN DOE,

                    Defendants.

------------------------------------------------------------------X
68 BURNS NEW HOLDINGS, INC.

                 Third-Party Plaintiff,

      - against -

334 CORP.,

                 Third-Party Defendant.

------------------------------------------------------------------X

**NOTICE OF ENTRY**

Index No.: 2020-50591

Assigned Judge: Hon.
Thomas R. Davis, J.S.C.

S I R (S):

     PLEASE TAKE NOTICE that the within is a true copy of a Judgment of Foreclosure and Sale entered in the office of the clerk of the within named Court on October 25, 2024.

DATED:    Poughkeepsie, New York
           October 28, 2024

                          Yours, etc.

                          MACKEY, BUTTS & WHALEN LLP

                          By: _____
                          RICHARD R. DuVALL
                          Attorneys for Plaintiff
                          319 Mill Street
                          Poughkeepsie, NY 12601
                          Tel: (845) 452-4000

4865-6466-3235, v. 1

# Exhibit "F"

FILED: DUTCHESS COUNTY CLERK 10/25/2024 01:53 PM

NYSCEF DOC. NO. 338

INDEX NO. 202

RECEIVED NYSCEF: 10/2

SUPREME COURT OF THE STATE OF NEW YORK
DUTCHESS COUNTY
-----------------------------------------------------------------------------X
THE ERIC GOLDFINE, SELF-EMPLOYMENT
RETIREMENT PLAN AND TRUST,

                                        Plaintiff,

        -against-

                                                            Index No.:  2020-50591

68 BURNS NEW HOLDINGS, INC.,
PEOPLE OF THE STATE OF NEW YORK BY THE NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, JANE DOE AND JOHN DOE,

                                        Defendants.
-----------------------------------------------------------------------------X
68 BURNS NEW HOLDINGS, INC.,

                                        Third-Party Plaintiff,

        -against-

334 CORP.,

                                        Third-Party Defendant.
-----------------------------------------------------------------------------X


This constitutes the decision and order of this Court.

Dated: October 23, 2024                    ENTER:
        Poughkeepsie, NY

                                           _____
                                           Hon. Thomas R. Davis, J.S.C.


**VIA NYSCEF**
Richard R. DuVall, Esq.
Mackey, Butts & Whalen, LLP
*Attorneys for Plaintiff and Third-Party Defendant*
319 Mill Street
Poughkeepsie, New York 12601


**VIA NYSCEF**
Maurice W. Heller, Esq.
Foster Garvey P.C.

# Exhibit "G"

# MACKEY CATANIA & WHALEN LLP

## ATTORNEYS AT LAW



Ellen L. Baker
Robert R. Butts
Michael E. Catania
Robert B. Dietz
Richard R. DuVall
Paul S. Ernenwein
Ian S. MacDonald
Joshua E. Mackey
Seamus P. Weir
Cara A. Whalen

—

Colby D. Creedon
Christina A. Mazzarella
Alexander D. Salvato

—

Emily Abrahams
Tyrone Brown
Joseph A. Catania, Jr.
Richard J. Olson
R. Keith Salisbury

—

Hon. Albert M. Rosenblatt

Reply to:

☐ 3208 Franklin Avenue
Millbrook, NY 12545
P 845.677.6700
F 845.677.2202

☐ 103 Executive Drive, Suite 101
New Windsor, NY 12553
P. 845.779.9930
F. 845.779.8320

☑ 319 Mill Street
Poughkeepsie, NY 12601
P 845.452.4000
F 845.454.4966

☐ 81 Main Street
P.O. Box 308
Sharon, CT 06069
P 860.364.6232
F 860.364.6429

www.mackeylawyers.com

January 15, 2026

*Via NYSCEF*
**Attn**: Honorable Thomas R. Davis
Dutchess County Supreme Court
10 Market Street
Poughkeepsie, NY 12601

**RE:**     Eric Goldfine Self Employed Retirement Plan vs. 68 Burns New
Holdings, Inc. et al
**Index No.:** 2020-50591
**Our File No.:** 1550.0001

Dear Judge Davis:

This confirms that the debtor/defendant 68 Burns New Holdings Inc. remains a Debtor in a Chapter 7 case and the automatic stay continues in effect. An adjournment to early summer would be appropriate.

Very truly yours,

MACKEY CATANIA & WHALEN LLP

Richard R. DuVall Esq.

RRD/dp

**TO:** Law Office of Julio E. Portilla, P.C.
Julio E. Portilla
Counsel for Debtor
380 Lexington Ave.
Suite 446
New York, NY 10168
(212) 365-0292
F: (212) 365-4417
E: jp@julioportillalaw.com

# Exhibit "H"

S~....·· r°ɔPY

**SUPREME COURT OF THE STATE OF NEW YORK**
**APPELLATE DIVISION : SECOND    DEPARTMENT**
-----------------------------------------------------------------x
ERIC GOLDFINE SELF EMPLOYED
RETIREMENT PLAN AND TRUST,

- against -

68 BURNS NEW HOLDINGS, INC., et al,


-----------------------------------------------------------------x

**Appellate Division**
**Case/Docket No.** 2024-11789

**Originating Court**
**No.** 2020-50591

### NOTIFICATION OF CASE NUMBER AND OTHER INFORMATION
### IN E-FILED APPEAL OR TRANSFERRED PROCEEDING
### (22 NYCRR 1245.3[b])

PLEASE TAKE NOTICE that a petitioner or appellant in this matter has notified the Court that this case is designated for electronic filing pursuant to the rules of the Appellate Division.

The case/docket number for this

[X ] appeal
[  ] transferred proceeding

is 2024-11789

**Parties represented by an attorney.** Within twenty (20) days of service of this notification, counsel to all other parties in this matter shall, as required by 22 NYCRR 1245.3(d):

(a) (i) register or confirm registration as authorized e-filing users with the New York State Court Electronic Filing system (NYSCEF); and

(ii) enter electronically in NYSCEF such contact information and additional information as the court may require;

or

(b) if an attorney exempt from e-filing, serve upon all parties and file with the court by hard copy service method, an attorney exemption certification.

**Parties not represented by an attorney.** Unrepresented litigants are exempt from e-filing, but may voluntarily participate in e-filing in this matter by:

(a) registering as an authorized e-filing user in this matter with the NYSCEF site and entering case and contact information about the particular cause; and

(b) recording his or her consent electronically in the manner provided at the NYSCEF



AD-EF-01 (eff. 3/1/18)                    Page 1  of 2

site; and

(c) serving and filing documents by electronic means as provided under these rules.

Note: An unrepresented litigant who has consented to participate voluntarily in e-filing in this matter may withdraw such consent at any time by filing and serving on all parties a notice of intent to cease e-filing (AD-EF-06).

**Important: Under 22 NYCRR 1245.5(c), upon the expiration of the 20-day registration and notice period, any party (other than persons exempt from e-filing) who fails to meet his or her obligation to register and enter information will be deemed served with any document electronically filed in this matter.**

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the matter was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov .

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: <u>Nov. 27, 2024</u>

Maurice W. Heller, Esq.
Name

Foster Garvey PC
Firm Name

212-431-8700
Phone

100 Wall Street, 20th Floor

New York, NY 10005
Address

maurice.heller@foster.com
E-Mail

To:    Richard Duvall, Pltf's atty

Samuel Brooke, Referee